## MARYLAND CASUALTY CO. v. MUELLER.
### (No. 2640.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 29, 1922. Rehearing Denied Jan. 4, 1923.)

**1. Master and servant ⬯405(6)—Finding of total "permanent" incapacity within Compensation Law sustained.**

In suit to set aside order of Industrial Accident Board, revoking award under the Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1, to 5246—91), for injuries sustained by a carpenter in falling from an upper story of a building, injuring his back, arm, and hand, evidence *held* to support jury findings that he was totally incapacitated for work, and that the incapacity was "permanent"; that is, that it never had ceased, and never would cease, to exist.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Permanency—Permanent.]

**2. Master and servant ⬯385(11)—All injuries to be considered in determining question of total permanent incapacity within Compensation Law.**

Under Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—20 and 5246—21, when an employee, as result of accident, suffers several injuries, all should be considered in determining whether the resulting incapacity is total and permanent or not without reference to whether provision is made for separate compensation for such injuries, and whether or not any one of such injuries alone would warrant a finding of total and permanent incapacity.

**3. Master and servant ⬯417(5)—Judgment for compensation warranted by findings of total permanent incapacity; further findings of partial permanent incapacity not being contradictory thereof.**

Jury findings that an employee sustained an injury totally incapacitating him from work, and that such incapacity was permanent, warranted the judgment so far as it determined that incapacity resulting from the injury was total and permanent, and further findings that he suffered permanent partial incapacity because of injuries to his back, not being contradictory of the first-mentioned findings, were immaterial and properly ignored.

**4. Master and servant ⬯417(4)—Court cannot award compensation in lump sum when question was not presented to board.**

Under Vernon's Ann. Civ. St. Supp. 1918, art. 5246-44, the court, in a suit to set aside an order of the Industrial Accident Board revoking an award, could not award compensation in a lump sum, where that question was never presented to the board, as in the absence of an agreement it was a question to be determined in the first instance by the board.

Appeal from District Court, Cherokee County; L. D. Guinn, Judge.

Suit by W. H. Mueller against the Maryland Casualty Company to set aside an order of the Industrial Accident Board revoking an award under the Workmen's Compensation Law. From a judgment for plaintiff, defendant appeals. Reversed and rendered in part, and affirmed in part.

Appellee, an "employé" of J. C. Buchanan, an "employer" and "subscriber," within the meaning of the Workmen's Compensation Law (chapter 5, tit. 77, Vernon's Statutes 1918, Supplement), while working on a building Buchanan was constructing or repairing, fell from an upper story thereof, and thereby sustained injury to his person. In his petition appellee, plaintiff in the court below, alleged that he filed a claim for compensation with the Industrial Accident Board, which found that he was totally incapacitated for work by the injury he sustained, and was entitled to be paid $15 a week while such incapacity existed, and on March 20, 1919, entered an order accordingly. Appellee further alleged that the payments ordered were made by appellant (who had insured Buchanan against the liability he incurred under said law) for 159 weeks, when said board, at appellant's instance, on, to wit, August 2, 1921, reviewed the order it had theretofore made, and revoked same on the ground that appellee had become able to labor. The suit was to set aside the order of the board revoking the award it had theretofore made to appellee. As grounds for such relief, appellee alleged that the finding of the board that—

"he was no longer totally disabled was and is erroneous, incorrect, and untrue, and that at the time was, and now is, totally disabled and cannot follow his trade as carpenter, or do manual labor because of the injuries sustained in said fall, and that he is an uneducated man, and cannot make a living except by following his trade and by doing manual labor. And that said order of said Industrial Accident Board is null and void, and does not release defendant from liability to the plaintiff herein."

On special issues submitted to them the jury made findings as follows: (1) That appellee on July 9, 1919, while employed by Buchanan, sustained "an injury which totally incapacitated him from work at his trade and for manual labor"; (2) that such incapacity was "permanent"; (3) that appellee suffered "permanent loss and use of his left hand and arm"; (4) that he suffered "partial incapacity because of his injuries to his back"; (5) that such partial incapacity was permanent; (6) that he suffered "partial incapacity because of the injury to his right hand"; (7) that such partial incapacity was "100 per cent." for three weeks. On those findings, and others which it is assumed he himself made, the trial court concluded that appellee was entitled to recover of appellant $15 a week for 242 weeks, aggregating $3,630, and $7.25 interest, a total of $3,637.25, in a

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lump sum; and rendered judgment accordingly.

Guinn & Guinn and Thos. Shearon, all of Rusk, for appellant.

W. Gregory Hatcher, of Dallas, and Norman, Shook & Gibson, of Rusk, for appellee.

WILLSON, C. J. (after stating the facts as above). As shown in the statement above, the jury, in response to the first one of the issues submitted to them, found that appellee sustained "an injury which totally incapacitated him for work at his trade and for manual labor," and in response to the second one of said issues found that such incapacity was "permanent." Appellant insists in its first assignment that it was error to submit the first issue, and in its second assignment that it was error to refuse to set aside the finding on that issue and the finding on the second issue and grant it a new trial. As both contentions are on the view that the testimony did not warrant the findings, they will be considered together.

[1] Appellee, it appeared, was a carpenter about 62 years of age at the time of the accident. Much of the testimony as to the injury he sustained, and the effect thereof, was given by physicians, who examined him after the accident, and was more or less conflicting. Appellee himself testified as a witness that his arm and left hand were broken and his back injured by the fall; that the hand "stayed cold"; and that he was never afterward able to close it; that at the time of the trial (in February, 1922) he was not able to work, because he could not use his hand nor bend his back; and that he was then "totally incapacitated to do manual labor or to follow the carpenter's trade." Dr. Kindley testified that an X-ray picture made at the St. Paul Sanatorium in December, 1921, and the report thereon, showed that the "lumbar spine shows [quoting] marked spondylitis of all the vertebræ," and the back "stiffness throughout the entire vertebral column." Dr. Johnson, who treated appellee immediately after he was injured, testified that "spondylitis of the vertebræ" was "an inflammation of the vertebræ." "I don't know," he said, "what would cause it in every instance, but it might be caused from a fall or some other trouble. I don't think it could have been caused by such a fall as this, because he didn't complain of his back at the time." The witness McCord, who saw appellee at once after he fell, testified that appellee then complained that his back hurt him. The witness McDonald, who saw appellee the next day after he was injured, testified that appellee "was complaining of his back, and wanted something done for it on account of it hurting him so bad." And the witness Phillips, who nursed appellee for about two weeks after he was injured, testified he had to "lift him in and out of bed for a few days on account of his back."

As we understand it the testimony referred to was amply sufficient to support a finding that appellee was totally incapacitated for work for a time as a result of the injuries he sustained. The debatable question, if there is one, arising therefrom is as to whether it also authorized a finding that such incapacity never ceased to exist. We are of the opinion, after considering said testimony, that it warranted the finding of the jury in response to the second issue submitted to them that such incapacity was "permanent"—meaning, evidently, that the total incapacity never had and never would cease to exist.

[2] Appellant's insistence, however, seems to be predicated more on the provision in the statute (article 5246—20, Vernon's Statutes) that testimony showing an injury to the back should not be treated as conclusive evidence of total and permanent incapacity, unless it results in "complete paralysis of both arms or both legs, or of one arm and one leg," and on the provision (article 5246—21) that an employé should be entitled to compensation for only 150 weeks for loss of a hand. The argument is that, as the statute limited the right of an employé to compensation for loss of a hand to 150 weeks, and appellee, admittedly, had received compensation for 159 weeks, the jury did not have a right to consider the fact that appellee lost a hand in determining whether his incapacity was total and permanent or not; and, that being true, that the testimony was not sufficient to support a finding that the injury to appellee's back alone resulted in total and permanent incapacity for work. We do not think the contention is tenable. While it is declared in the statute (article 5246—20) that proof of certain injuries therein specified shall be conclusive of the fact that incapacity resulting is total and permanent, it is not declared that other injuries than those specified shall not be regarded as total and permanent. Instead, it is declared that the enumeration therein of injuries "is not to be taken as exclusive." It is clear, we think, that when an employé as the result of an accident suffers several injuries, all of them not only can but should be considered in determining whether the resulting incapacity to work is total and permanent or not, without reference to whether provision is made in the statute for compensation, separately, of such injuries or not, and without reference to the fact that no one of such injuries alone would warrant a finding that the resultant incapacity was total and permanent. Such a finding, we think, would be warranted if the injuries together resulted in such incapacity. If what has been said is correct, not only the first and third assignments, but

also the second and seventh, should be overruled.

[3] The fourth assignment is that the trial court erred when he refused to set aside the verdict and grant appellant a new trial "because," quoting from appellant's brief, "no proper judgment can be based upon the answer to special issue No. 5"; and the fifth assignment is that "the court erred," quoting further from said brief, "in the judgment entered on the answers of the jury to special issues numbers 4 and 5." The assignments are overruled. The findings on the first and second issues warranted the judgment so far as it determined that the incapacity for work resulting to appellee from the injuries he sustained was total and permanent. As the findings on the fourth and fifth issues were not contradictory thereof, they were immaterial, and the trial court properly ignored them in rendering the judgment.

[4] While the power of the trial court to adjudge appellee a recovery in a lump sum of the compensation he was found to be entitled to was not questioned by appellant in that court, and is not questioned here, we think we are nevertheless bound to take notice of the fact that the court was without such power. It is declared in the statute that all questions arising under it, "not settled [quoting] by agreement of the parties interested therein and within the terms and provisions of this act, shall, except as otherwise provided, be determined" by the Industrial Accident Board; and it is only after the board has made a "final ruling and decision" that the courts are empowered to "determine the issues in such cause." Article 5246—44, Vernon's Statutes, 1918 Supplement. The question as to whether the compensation to appellee should be paid in a lump sum or not arose under the act, and was determinable with reference to its provisions. It had not been settled by an agreement of the parties, and therefore was determinable, in the first instance, by the board alone. It appears from the record that the question was never presented to the board, and that it was presented for the first time to the trial court for determination. That court was without power, we think, to determine it in the first instance, but could do so only after it had been passed upon by the board. In Lumbermen's Reciprocal Association v. Behnken, 226 S. W. 154, the Galveston Court of Civil Appeals, on facts unlike those here, reached a conclusion to the contrary, but a writ of error was granted in that case; and, while further action on the writ has not been taken, it seems, we think the approval of the decision of the Commission of Appeals in Employers' Indemnity Corporation v. Woods, 243 S. W. 1085, indicates the view the Supreme Court takes of the question to be in harmony with the conclusion we have reached.

The judgment will be reversed so far as it awarded appellee a recovery of $15 a week for 242 weeks in a lump sum, and judgment will be here rendered that he recover of appellant $411.25, that being the amount and interest thereon of the weekly payments he was entitled to from August 2, 1921, to February 2, 1922, the date of the judgment of the court below, and that he recover of appellant further $15 a week for the 215 weeks beginning said February 2, 1922, and following consecutively thereafter. The judgment will not be disturbed so far as it is in favor of W. Gregory Hatcher for an interest in the recovery awarded appellee.