**NORTHERN TEXAS TRACTION CO. v. WRIGHT.**

No. 12840.

Court of Civil Appeals of Texas. Fort Worth.

May 13, 1933.

Rehearing Granted June 17, 1933.

Cantey, Hanger & McMahon, of Fort Worth, for appellant.

Sam J. Callaway, Henry Watson, James E. Whitmore, and Robert C. Pepper, all of Fort Worth, for appellee.

LATTIMORE, Justice.

Appellee sued for damages alleging a negligent sudden stopping of appellant's street car and the leaving of a banana peel or other slippery substance on the car platform by which he was thrown from his feet and injured.

The defendant denied each, and offered testimony that the negro was already crippled, and contended that his fall was by virtue of his own physical defects. Upon a jury verdict on special issues, judgment was for plaintiff.

The court submitted the following special issue: "Do you find and believe from a preponderance of the evidence that the injuries, if any, complained of occurred unexpectedly and without fault or negligence on the part of either plaintiff or defendant?"

This placed the burden of proof on the defendant. It has been too often held that the burden of proof on unavoidable accident is on plaintiff for us to here express any dissent therefrom. The court further charged the jury that the burden of proof was on the plaintiff to establish the answer "No" to that question. This left the jury with two conflicting statements on such burden of proof.

Nor do we believe that the issue was immaterial under the above state of facts.

The appellee by cross-assignment complains of the use of the idea expressed by "unexpectedly" in said issue.

The element of "reasonable foresight" has become firmly imbedded in our definitions of proximate cause, although an analysis of the theory will show that in truth "reasonable foreseeableness" is a portion of the scope of an inquiry into negligence. The court had defined negligence. Here the court asks if the accident was without negligence of the parties, and in the same question mentions specifically a portion of the elements of negligence, to wit, "unexpectedly." This should not be done.

It was not proper to tell the jury that, if they answered that question "Yes," they need not answer any other question. Other issues presented other portions of the plaintiff's case which the jury might answer in such a manner as to present a conflict from which would result either a mistrial or the jury's reforming its verdict with the attendant possibility that this answer might be changed. The wisdom of appropriate time-saving instructions has been proven, but such instructions must not cut off the jury from answering questions which might change the effect of the verdict.

We considered all assignments, and the remainder are overruled. The judgment of the trial court is reversed, and the cause is remanded.

On Motion for Rehearing.

Appellee calls our attention to the fact that appellant took no exception to the burden of proof either as made in issue No. 11 as submitted or as stated by the court in the instruction on the burden of proof quoted in our main opinion. The appellant did request the following special issue: "Do you find and believe from the evidence that the injuries in question, if any, were not caused as a result of an unavoidable accident as that term has been heretofore defined?"

This request was refused. The appellant contends that this request was sufficient to call the court's attention to the error as we have above shown it. We do not agree with appellant. Judges, being human, make mistakes. Those mistakes should be called to their attention directly. It is to the interest of society of the administration of justice, of the costs of litigation, that appeals should not be necessary except to correct those errors which the trial judge refuses to correct. Litigation is one of the necessary evils of the conduct of human affairs. Necessary, but a burden none the less. The policy of the law always has been to reduce same to a minimum. It is to this end that it is required that the error in an issue submitted, if saved for appeal, must be by objection which points the vice of the charge in the particular complained of. Article 2185, R. S., requires "which objections shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived."

We observe that the issue requested, while it does relieve the issue submitted of the wrong burden of proof, still is not couched in language which would show the court that the appellant was dissatisfied with the burden of proof placed by the court's charge. It conceals the complaint made on appeal rather than to call attention to same "in the particular complained of." Gulf, T. & W. Ry. v. Dickey, 108 Tex. 126, 134, 187 S. W. 184, 187; Isbell v. Lennox, 116 Tex. 522, 295 S. W. 920.

To allow such proceedings to be the basis of an assignment of error that the court incorrectly charged on the burden of proof would be to place a premium on deception to invite unnecessary appeals and turn trials into contests of sophistry. Nothing ought to

change the fact that lawyers are officers of the court sworn to assist the judge in trying the case correctly. Ft. W. & D. C. Ry. v. Thompson (Tex. Civ. App.) 222 S. W. 289.

The rule is not abrogated by Acts of the 42d Legislature, 1931, c. 45, § 1, amending article 1757, R. S. (Vernon's Ann. Civ. St. art. 1757). Bustamente v. Haynes (Tex. Civ. App.) 55 S.W.(2d) 137.

The judgment of reversal is set aside, and the judgment of the trial court is affirmed.