## TEXAS EMPLOYERS' INS. ASS'N v. HILDERBRANDT.
### No. 2680.

Court of Civil Appeals of Texas. Beaumont. March 15, 1935.

Rehearing Denied March 28, 1935.

Calhoun & Marcus, of Beaumont, for appellant.

White & Baker, of Port Arthur, for appellee.

O'QUINN, Justice.

This is an action to recover compensation under the Workmen's Compensation Law of this state (Vernon's Ann. Civ. St. art. 8306 et seq.). C. A. Hilderbrandt was the employee, D. M. Picton & Co., Inc., the employer, and appellant, Texas Employers' Insurance Association, the compensation insurance carrier. On December 3, 1930, while in the due course of his employment, appellee received a compensable injury. His claim for compensation was duly filed with the Industrial Accident Board. Not being satisfied with the award of the board, he gave due notice of appeal, and filed this suit in the district court of Jefferson county to set aside said award and to recover compensation.

The defendant, appellant, answered by general demurrer, special exception (relative to appellee's right to recover in a lump sum), and general denial.

This is the second appeal. See (Tex. Civ. App.) 62 S.W.(2d) 209.

The instant trial was to a jury upon some thirty odd special issues, all of which that were answered were answered favorable to appellee, and judgment entered in his favor for $5,834.55, payable in a lump sum.

The jury found that on December 3, 1930, appellee was an employee of D. M. Picton & Co., Inc., and that on said date, while in the due course of his employment, he received injuries which resulted in his total and permanent incapacity to labor; that due notice was given of his injury and claim for compensation duly made. There is no complaint against these findings nor the manner of their submission.

Appellant's first proposition asserts that there was error in the submission of special issues Nos. 17 to 20, and 23 to 33, inclusive, in that the court failed to instruct

the jury as to the burden of proof; that is, upon whom the burden rested to establish said issues. Special issue 17 reads:

"If you have found that C. A. Hilderbrandt did sustain injuries on or about December 3, 1930, then answer the following:

"Has the said C. A. Hilderbrandt fully recovered from such injuries?"

The jury answered "No."

In answer to special issues 8 and 9, the jury found that appellee's injuries resulted in total and permanent incapacity. These issues began with, "Do you find from a preponderance of the evidence," which is the approved form of submitting such issues, and which findings clearly established his right to recover, as to disability. Special issue 17 was in effect the negative of special issues 8 and 9, and, the jury having found in answer to these issues in which the burden of proof was properly charged that at the date of the trial appellee was by reason of the injuries received by him totally and permanently incapacitated, said finding was in effect that appellee had not "fully recovered from such injuries," and comported fully with the answer "No" given to special issue 17.

What we have said disposes of appellant's contention as to special issue 18, inquiring whether appellee would in the future recover from any incapacity caused by his injuries, and which the jury answered "No." The jury having found in answer to special issue 9, properly submitted, that the disability was permanent, same was a finding that he would not recover from the disability; permanent meaning unchanging or never ending. Maryland Casualty Co. v. Mueller (Tex. Civ. App.) 247 S. W. 609; Texas Employers' Ins. Ass'n v. Shilling (Tex. Civ. App.) 259 S. W. 236–239; 48 C. J. 921. And also the insistence as to special issue 19, inquiring whether the permanent disability of appellee was directly attributable to any other cause than his alleged injuries, which the jury answered "No." The jury having found in answer to special issue 10, which was properly submitted, that the disability or incapacity of appellee was caused by the injuries received by him, such finding was a finding, in effect, that his said injuries were not attributable to any other cause, and in full consonance with their answer "No" to said special issue. And also the complaint as to special issue 20, which inquired whether appellee was able to perform the same character of work he was performing before receiving his injuries, which the jury answered "No." The jury having found in answer to special issues 8 and 9, which

were properly submitted, that appellee received injuries resulting in his total and permanent incapacity or disability, such findings were findings that he was not able to perform the same character of work he was performing at the time he received his injuries, and were in accord with the answer to special issue 20. If it can be said that the omission in the charge to state the burden of proof as to special issues 17, 18, 19, and 20 was error, under the other findings above mentioned, it was not material and not a ground for reversal, but was harmless.

■■■■ Special issues 23 to 27, inclusive, inquire as to injuries and their extent to appellee's left leg. It is insisted that the court erred in their submission, in that the charge contained no instruction as to the burden of proof. Special issue 23 reads: "Were the injuries, if any, sustained by plaintiff, confined solely to his left leg?" The jury answered "No."

The answer to issue 24 was conditioned upon issue 23 being "Yes," and was not answered. Answer to issue 25 was conditioned upon issue 24 being "No," and, as it was not answered, no answer was given to issue 25. Answer to issue 26 was whether the disability to the left leg was permanent. This the jury answered "Yes." Answer to issue 27 was conditioned upon issue 26 being answered "No," but as it was answered "Yes," 27 was not answered. These issues were as to specific injuries, and, the jury having already found in their answer to special issues 8, 9, and 10 that appellee's injuries resulted in total and permanent incapacity, or disability, which issues were properly submitted, issues 23 to 27 were immaterial because unnecessary to a disposition of the case. After the jury found that appellee was totally and permanently incapacitated, it was not necessary for them to find the length of time or the extent of incapacity that may have existed by reason of the injury to specific parts of his body. Casualty Reciprocal Exchange v. Stephens (Tex. Com. App.) 45 S.W.(2d) 143, 147, 148; Casualty Reciprocal Exchange v. Cain (Tex. Civ. App.) 63 S.W.(2d) 237. The answer "No" to issue 23, that appellee's injuries were not confined solely to his left leg, was in accord with the answer that appellee was totally incapacitated, and the answer "Yes" to issue 27, that the incapacity to the left leg was permanent, was not in conflict with the answer to issue 9 that the incapacity was permanent.

■■■■ Special issue 28 asks whether the disability sustained by appellee was caused solely by rheumatism; 29, whether the disability

was caused by neuritis; 30, whether the disability was due solely to causes wholly independent of his alleged injuries; 31, whether appellee was at the date of the trial able to perform the same character of labor he was doing prior to receiving his injuries; 32, was appellee's disability due solely to causes wholly independent of his alleged injuries? and 33, was appellee's incapacity caused solely from infections or disease not caused by or resulting from his alleged accident? The jury answered each of these issues "No."

That appellee received an accidental injury while in the course of his employment, and that such injuries resulted in his total and permanent disability or incapacity to labor, was found by the jury, and these findings are not in any manner questioned. The finding that he received an injury, and that total and permanent incapacity resulted from that injury, was a finding that his disability did not result from rheumatism, nor neuritis, nor from causes wholly independent of the injury received by him, and that such disability was not caused solely by infections or disease not caused by or resulting from the injuries received by appellee on December 3, 1930. But, as the jury answered each of the issues discussed "No," these findings are in full accord with the prior findings mentioned, which were made under issues properly framed as to the burden of proof, and which are not attacked, no error appears, for this as well as for the reasons above given in discussing special issues 23 to 27. But, if it can be said there was error, then it was harmless.

What we have said disposes of appellant's second proposition, which, in effect, presents the same questions as the first, and which, in its brief, are presented together.

The third proposition complains that the court erred in defining the term "permanent incapacity" in his charge to the jury. The definition given reads: "By permanent incapacity, as used herein, is meant that the incapacity is such that it will continue indefinitely during the life of the injured employee." Appellant objected to this definition as "confusing and misleading * * * and reasonably calculated to cause the jury to become confused and to return an erroneous verdict to the prejudice of this defendant." The assignment is overruled. The word "permanent," as used in the Compensation Law, means unchanging or never ending. Maryland Casualty Co. v. Mueller (Tex. Civ. App.) 247 S. W. 609; Texas Employers' Ins. Ass'n v. Shilling (Tex. Civ. App.) 259 S. W. 236; 48 C. J. 921. The court's definition, when given a reasonable interpretation, we think correctly tells the jury that, for the disability to be permanent, it must continue during the lifetime of the injured party; that is, unchanging or never ending. If there was error in the definition in view of the record, it was harmless.

We sustain appellant's assignment that the jury's finding of appellee's weekly wage was erroneous and the judgment thereon excessive. It is agreed that appellee had worked for his employer for only about four months, and that he was paid $75 a month, with board valued at $30, which made his monthly wage $105 a month. We think it sufficiently appears that D. M. Picton & Co., Inc., appellee's employer, had other employees working at the same kind of work as appellee who had worked for substantially the whole of the next preceding year at the same wages, $105. Appellee pleaded each of the methods provided in article 8309, § 1, R. S. 1925, relative to ascertaining his average weekly wage. The court charged the statute in full with proper instructions as to the application of the different subdivisions of section 1 of said article to the facts. It is apparent that the jury arrived at appellee's average weekly wage by subdivision 3 of section 1 of said article, by taking the annual earnings of an employee who had worked the whole of the preceding year, and dividing same by 52. Unless appellee's average weekly wages could not be ascertained by either subdivisions 1 or 2, resort to subdivision 3 could not be had. Subdivision 2 provides that, if the injured employee has not worked for substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of 300 times the average daily wage of an employee of the same class who has worked substantially the whole of the preceding year, and subdivision 5 provides that the average weekly wages of such an employee shall be 1/52 of the annual wage. Appellee not having worked for substantially the whole of the year preceding his injury, his wages could not be measured by subdivision 1 of said article, but his daily or monthly wage being definite and uncontested, and being admittedly the same as other employees who had worked substantially the whole of the year preceding the injury, his average weekly wage must be ascertained by subdivision 2 of section 1 of said statute, which is to take 300 times the average daily wage and divide that product by 52. It is admitted that appellee's daily wage was $3.45. This, multiplied by 300 and that product divided by 52,

gives his average weekly wage as $20, and 60 per cent. of that is $12, the weekly compensation to which appellee was entitled. This, multiplied by 401, the number of weeks, makes $4,812 the total amount of recovery. Appellee, in his brief, requests that, if it be found that the average weekly wage found by the jury, and so awarded in the judgment, be wrong, the judgment be accordingly reformed. The judgment will be reformed to allow recovery for this amount.

■■■ Appellant assigns error in the court's charge relative to the right of appellee to recover compensation in a lump sum. Special issue 22 submitted this question to the jury. It reads: "Do you find from a preponderance of the evidence that the failure of defendant, Texas Employers' Insurance Association, to make a lump sum settlement with plaintiff, C. A. Hilderbrandt, of the compensation due him, if any, on account of his injuries, if any, sustained by him, would work manifest hardship and injustice to the said C. A. Hilderbrandt?"

The objection to said charge is that the issue was improperly submitted to the jury, in that they were not asked whether manifest hardship and injuries would result from the payment of compensation in weekly installments instead of a lump sum, but merely asked if the failure of appellant to make a lump sum settlement with appellee would work manifest hardship and injustice to him. It is insisted that the award of lump sum payment should be eliminated from the judgment because of the asserted error. If, where the injured employee is entitled to compensation by reason of total and permanent incapacity, under the facts, failing to pay the compensation in a lump sum would result in manifest hardship and injustice to such injured employee, then such compensation should be paid in a lump sum. Section 15, art. 8306, R. S. 1925. We think the issue submitted was in substantial compliance with the wording and meaning of the statute. There is no contention that the evidence did not support the jury's finding, but only that the issue was not properly submitted.

■■ The sixth proposition is that the court committed reversible error by instructing the jury relative to special issues 12 and 13 that, if they answered special issues 8 and 9 "No," then to answer issues 12 and 13, or, in other words, that, if they had answered special issues 8 and 9 "Yes," then they need not answer issues 12 and 13.

■■ Special issue 8 inquired whether appellee had suffered total incapacity by reason of his injuries. The jury answered "Yes." Special issue 13 inquired as to whether appellee suffered partial incapacity as a result of his injuries. Having answered that appellee had suffered total incapacity, the question of partial incapacity became immaterial, for, if his incapacity was total, it could not be partial. Special issue 9 asked whether appellee's total incapacity was permanent. The jury answered "Yes." Special issue 12 inquired for what length of time was appellee totally incapacitated. Having found that the total incapacity was permanent, the inquiry as to what length of time the total incapacity existed was immaterial, as they had already answered that it was permanent. The answer that the incapacity was permanent was a complete answer to issue 13, permanently meaning unending. Furthermore, it has become the well-established practice, in submitting special issues, to instruct the jury on alternative issues, where one is answered in a specified way, not to answer the other. Perkins v. Nevill (Tex. Com. App.) 58 S.W.(2d) 50; Ineeda Laundry v. Newton (Tex. Civ. App.) 33 S.W.(2d) 208; Standard Ins. Co. v. Williams (Tex. Civ. App.) 4 S.W.(2d) 1023, affirmed (Tex. Com. App.) 14 S.W.(2d) 1015. Moreover, it is not believed that appellant's objection to the court's charge in submitting issues 12 and 13 were such as to show error in the manner of their submission. The objection reads: "Defendant objects to the instructions given in connection with Special Issues Nos. 12 and 13 because the effect of same is to cut off the defendant's right to have a jury finding on those issues irrespective of their finding as to the preceding issues and thus destroy a valuable right of the defendant, and in this connection the defendant requests the court to eliminate such instructions from such issues or to submit affirmatively to the jury an appropriate issue covering the question of his partial incapacity."

The objection did not show that issues 12 and 13 were defensive matters material to appellant's defense, and that for that reason they should be submitted affirmatively, and answered without regard to the nature of their answers to any other issues submitted in the charge. It is settled that, in order for an objection to a charge or instruction, given in connection with special issues, to be of avail, the error sought to be complained of must be specifically pointed out. Perkins v. Nevill (Tex. Com. App.) 58 S.W.(2d) 50, 52; Pan-

handle, etc., Railway v. Brown (Tex. Civ. App.) 74 S.W.(2d) 531, 533. The objection here did not indicate wherein appellant was entitled to a jury finding upon issues 12 and 13, irrespective of their findings on other issues, or wherein the issues as submitted would destroy a valuable right of appellant. It did not point out the error which would be committed by the giving of the charge. Isbell v. Lennox, 116 Tex. 522, 295 S. W. 920.

It must be remembered that appellant in no wise challenges the findings of the jury in answer to special issues 8 and 9 that appellee's injuries resulted in his total and permanent incapacity to labor. They thus stand approved both as to correctness in submission and as to the amplitude of the evidence supporting them. These were the real issues necessary for a determination of the case, as the facts of appellee's employment, that he was covered by the insurance, that he received an injury while in the course of his employment, and that he gave proper notice of his injury and made due claim for compensation, are not disputed. Casualty Reciprocal Exchange v. Stephens (Tex. Com. App.) 45 S.W.(2d) 143 (paragraph 13 of syllabus); Casualty Reciprocal Exchange v. Cain (Tex. Civ. App.) 63 S.W.(2d) 237.

The seventh proposition complains that the court committed reversible error in its definition of accidental injury. It was defined: "An accidental injury as used in this charge is one occurring unexpectedly not in the natural course of events and which may possibly be prevented by the exercise of due care by the employer."

Generally, the word "accident" means "unexpected," "unusual," "out of the ordinary course of events," "an undesigned, sudden and unexpected event," "an unlooked for mishap or an untoward event which is not expected or designed," "a casualty or mishap." 1 C. J. 390, 391. The definition given in the charge embraces the usual meaning of "accident," but carries with it the idea that the accident might have possibly been prevented by exercise of due care by the employer of the injured employee. This was error. The question of whether appellee's employer should have foreseen that such an injury might occur and have provided against it was not involved. But negligence on the part of appellee's employer was not pleaded nor attempted to be proved. Furthermore, the error is not one of which appellant can avail itself because it was in its favor, in that the charge increased the burden upon appellee; that is, the showing of negligence on the part of the

employer. Considering the whole record, we fail to find any indication that the erroneous portion of the definition in any way influenced the jury in their findings, and so, if error, it was harmless.

It follows that, reforming the judgment in the manner above indicated, same should as reformed be affirmed, and it is so ordered.

Reformed, and, as so reformed, affirmed.

## On Rehearing.

WALKER, Chief Justice.

On February 28, 1935, when my brethren announced their judgment of affirmance in this case, I noted my dissent; I now give my reasons as follows:

(a) On authority of our opinion on the former appeal of this case, Texas Employers' Insurance Association v. Hilderbrandt (Tex. Civ. App.) 62 S.W.(2d) 209, the manner of submitting issues 17 to 20, inclusive, and 28 to 30, inclusive, reviewed by my brethren, was reversible error.

(b) On their conclusions in support of these issues—in effect holding that the submission of these issues was immaterial error, if error at all—my brethren are in conflict with Galveston, etc., Railway Co. v. Washington, 94 Tex. 510, 63 S. W. 534, and a long line of cases citing that case for support; that is to say, they are in conflict with that case as I understand the law.

(c) The use of the word "indefinitely" in the definition of "permanent incapacity" was error, as I construe our opinion in Texas Indemnity Insurance Co. v. James (Tex. Civ. App.) 297 S. W. 254, where this court said that "permanent" incapacity must be "unchanging or never ending," which conflicts with the definition in this case, to continue "indefinitely" during life.

In the argument, appellant advances the proposition that, to quote the fourth syllabus from Rosenthal, etc., Co. v. Hillebrandt (Tex. Com. App.) 7 S.W.(2d) 521, "Parties not objecting to submission of issue cannot question sufficiency of evidence to authorize submission on appeal."

Query, on this point does Magnolia Coca Cola Bottling Co. v. Jordan (Tex. Com. App.) 78 S.W.(2d) 944, 950, wherein it is said: "The assignments of error, to the effect that the trial court did not correctly submit the issue of unavoidable accident and erroneously defined, or failed to define, certain terms used in the submission of such issue, are overruled because we find from a careful examination of the record that the evidence does

not raise the issue of unavoidable accident," overrule the Rosenthal Case?

At this time, because of Judge Gallagher's opinion, Traders' & General Ins. Co. v. Forrest (Tex. Civ. App.) 78 S.W.(2d) 987, I am reserving my conclusion on appellant's sixth proposition.

It is the order of my brethren that the motion for rehearing be in all things overruled, to which I enter my dissent.