## DITMAR v. BECKHAM.

### No. 13218.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 6, 1935.

Rehearing Denied Oct. 11, 1935.

Hampden Spiller, Julien C. Hyer, and A. W. Christian, all of Fort Worth, for plaintiff in error.

Clark & Clark, of Fort Worth, for defendant in error.

DUNKLIN, Chief Justice.

Mrs. Ileta Ditmar, plaintiff in this case, entered into a written contract with P. H. Beckham, the defendant, by the terms of which the defendant agreed to reconstruct a two-story house owned by plaintiff, which had been partially burned, according to plans and specifications therefor in writing, and in consideration of defendant's agreement to do that work plaintiff contracted to convey to the defendant an undivided half interest in the house and the lot on which it was situated. "A dispute arose between plaintiff and defendant as to whether the defendant had completed the work in accordance with the contract and specifications, and while matters were in that state another fire occurred, which partially damaged the house, with the result that there was a further dispute between the parties as to which one should bear the responsibility for the loss by fire, there having been no insurance. Thereupon, plaintiff filed suit against defendant, alleging that defendant had not completed the work as contracted for and that during the progress of the work he had moved into the house and was occupying the same without plaintiff's consent, that on account of defendant's occupancy, plaintiff was not able to obtain insurance thereon, and plaintiff prayed for judgment cancelling the said contract, removing the cloud from her title by reason of the said contract and the record thereof."

In addition to a general denial, defendant filed a cross-action against plaintiff, alleging completion of the work in a good workmanlike manner and in accordance with the terms of the contract, and seeking specific performance of plaintiff's contract to convey to him title to a one-half interest in the property. In the alternative, defendant alleged that the work done by him on the house enhanced the market value of the property as it stood before the last fire and prayed for judgment therefor in the event he should be denied specific performance of the contract.

On the trial of the case the jury found that defendant had performed his contract for the work in a good and workmanlike manner and in accordance with its terms; with further findings that the work done by

him increased the market value of the property as it stood prior to the last fire in the sum of $2,200, and that after that fire the property was worth $1,100 more than it was before defendant began work on the house.

Upon that verdict judgment was rendered denying plaintiff the relief sought by her, and awarding the defendant a judgment for the specific performance sought by him, and decreeing to him title to an undivided half interest in the property as prayed for by him. Plaintiff has appealed.

There was no insurance of the property against loss by fire at any time, and the title decreed to the defendant was as the property stood in a damaged condition after the second fire.

Following was the first issue submitted to the jury with their finding thereon:

"Do you find from a preponderance of the evidence that P. H. Beckham completed the work upon the house in question substantially in accordance with the contract made between him and Mrs. Ditmar?

"Answer: Yes."

Issue No. 4:

"Do you find from a preponderance of the evidence that the work performed by P. H. Beckham was done in a good, workmanlike manner?

"Answer: Yes."

Appellant did not object to the submission of either of those issues on any ground, nor was the submission of the same complained of in her motion for new trial; but it is insisted that a specific finding of full performance of the contract by defendant in accordance with all its terms was necessary to support a recovery and that the judgment rendered on a substantial performance was fundamentally erroneous. The principal authority relied on, Atkinson v. Jackson Bros. (Tex. Com. App.) 270 S. W. 848, 38 A. L. R. 1377, is not applicable here, since that decision was not based on fundamental error, as here. The rule announced in other decisions, such as Smith v. Jaggers (Tex. Civ. App.) 16 S.W.(2d) 969, that a judgment not supported by the verdict is fundamentally erroneous, has no application if the judgment has sufficient support in the finding of substantial performance.

By article 2185, Rev. Civ. Statutes, it is expressly provided that the court shall prepare his charge in writing and submit it to counsel with reasonable time allowed for its examination for objections thereto before it is submitted to the jury, and that when that is done then "all objections not so made and presented shall be considered as waived." We believe that provison is applicable and controlling here, especially in view of the testimony of the defendant and several other witnesses to the effect that he completed the work in a workmanlike manner and in accordance with the terms of the contract. To hold otherwise would be an invitation to a litigant to speculate upon a probable finding of a jury in his favor and repudiate one adverse to him. Furthermore, the waiver stipulated in that statute is not limited in its meaning and is broad enough to include waiver of the contention now urged that since the defendant's suit was for specific performance he could not recover in the absence of a finding of full performance of the contract in all its terms. Moreover, in 7 Tex. Jur. par. 30, p. 576, the rule is recognized that "it is next to impossible for a builder to comply literally with all the minute specifications in a building contract," and that "substantial performance is regarded as full performance." Northern Texas Traction Co. v. Wright (Tex. Civ. App.) 62 S.W.(2d) 624; Bustamante v. Haynes (Tex. Civ. App.) 55 S.W.(2d) 137; National Life & Accident Ins. Co. v. Bennett (Tex. Civ. App.) 73 S.W.(2d) 676; Alderete v. Cabello (Tex. Civ. App.) 278 S. W. 950; Indemnity Ins. Co. v. Sparra (Tex. Civ. App.) 57 S.W.(2d) 892; Chase Bag Co. v. Longordia (Tex. Civ. App.) 45 S.W.(2d) 242; Texas Employers' Ins. Ass'n v. Hildebrandt (Tex. Civ. App.) 80 S.W.(2d) 1031; Fox v. G., C. & S. F. Ry. (Tex. Civ. App.) 80 S.W.(2d) 1072.

While the contract stipulated for performance by plaintiff when the work was completed by defendant and the house accepted by her, it was no answer to defendant's cross-action that she had not accepted the building, if, as found by the jury, the work had been completed in compliance with the terms of the contract. 10 Tex. Jur. § 234, p. 409. The stipulation relating to her acceptance was not a condition of liability, but rather of time when she should comply with her obligations thereunder. Furthermore the failure of the court to submit plaintiff's requested issue for a finding as to whether or not she

accepted the building as a compliance with defendant's contract was not urged in her original motion for new trial, which was formal and general in its terms and not sufficient to raise the point, but was urged for the first time in her amended motion for new trial filed thirty days after filing of the original motion, which was too late to warrant its consideration. Dallas Storage & Warehouse Co. v. Taylor (Tex. Sup.) 77 S.W.(2d) 1031; Millers Mut. Fire Ins. Co. v. Wilkirson (Tex. Sup.) 77 S.W.(2d) 1035; Northern Texas Traction Co. v. Wright (Tex. Civ. App.) 62 S.W.(2d) 624; Bustamante v. Haynes (Tex. Civ. App.) 55 S. W.(2d) 137.

Accordingly, the assignment of error to the court's refusal to submit that special issue is overruled, and for the reasons stated the judgment of the trial court is affirmed.