**ARKANSAS LOUISIANA GAS COMPANY, Appellant,**

v.

**H. F. SEARS, Appellee.**

**No. 7568.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 14, 1966.

Rehearing Denied March 21, 1966.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellant.

Culton, Morgan, Britain & White, Amarillo, for appellee.

NORTHCUTT, Justice.

This suit was instituted by appellant as plaintiff, seeking judgment against the appellee for the sum of $8,900.00 for gas sold by the plaintiff to the defendant. The gas was used by the appellee-defendant in drilling a well in Oklahoma.

By pleadings and stipulation, it is conceded that appellee purchased $8,900.00 worth of gas from appellant and owed said sum, less a $500.00 deposit he made and for which he was entitled to credit. Appellee, in his cross action, pleads that he was the assignee of a dry-hole letter agreement under the terms of which appellant contracted to pay appellee $5,000.00 in the event appellee drilled a dry hole to a certain depth on the tract of land described in the letter agreement, and providing that appellee complied with all of the terms of the letter agreement. The suit boils down to a single issue. In the event appellee complied with the letter contract, then it is conceded he is entitled to the $5,000.00 contribution, and the judgment of the trial court would be correct. On the other hand, if he failed to plead and prove compliance with the terms of that letter contract, then he would not be entitled to the $5,000.00 credit.

Trial was to the court without the intervention of a jury, and the trial court found in favor of appellee; giving him credit for the $5,000.00 dry hole money and awarding appellant judgment for the $3,400.00 which appellee conceded he owed, and said sum of money has been paid to the appellant.

From that judgment appellant perfected this appeal. Arkansas Louisiana Gas Company will hereafter be referred to as appellant and Sears as appellee.

Appellant presents this appeal upon three points of error contending the court erred

in holding the letter agreement was not a complete contract under the terms of which the burden of proof was upon the appellee to prove compliance with all of the terms of the contract before he would be entitled to the $5,000.00; in holding as a matter of law that appellee complied with the provisions of the dry-hole letter agreement; and in holding as a matter of law that appellee was not obligated under the terms of the letter contract to furnish appellant the information described therein until appellant had first requested the same from appellee.

At the request of appellant the court filed its findings of fact and conclusions of law. The court, among several other findings, found that the well in question was completed as a dry and abandoned well, that no information was ever required by the appellant of the appellee which was not given and also found as follows:

"8. The partied have stipulated that the only controversies herein are:

(a) Whether Defendant, H. F. Sears, is entitled from the Plaintiff the $5,000.00 dry-hole contribution; and

(b) Whether the Plaintiff, Arkansas Louisiana Gas Company is entitled to attorney's fees and interest.

9. It was the Plaintiff's contention that the Defendant, H. F. Sears, had not earned the $5,000.00 dry-hole contribution, as expressed by its geologist, Earl F. Cunningham:

'In particular, our main concern on this is the belief that the Hamm Zone, not the Erick or the Britton, but the Hamm Zone, which was 4825 feet through approximately 5000 feet, was not tested on the way down. The well was drilled on down, pipe was run on the well, and cemented. Out contention is that the well was perforated disregarding a bad cement job high in the pipe and therefore we did not get a true test of this particular Hamm Zone.'

10. The Plaintiff conceded that had there been adequate testing of the Hamm Zone of the well in question, the defendant would have earned the $5,000.00 dry-hole contribution."

Testing of the Hamm Zone was in no way required under the letter contract.

The court's conclusions of law were as follows:

"I make the following conclusions of law:

1. The 'Farm-out and Dry-hole Contribution Agreement' (Plaintiff's Exhibit No. 1) contemplated that Arkansas Louisiana Gas Company's agent or representative should be entitled to receive all information in respect to the well in question to the same extent as if Arkansas Louisiana Gas Company were drilling such well.

2. The right created by Plaintiff's Exhibit No. 1 to receive progress reports, samples, logs, surveys, and other information, in respect to the well in question was not self-executing, but to void the contract, it was necessary that refusal to furnish such information be made by the defendant after request therefor was made by Plaintiff.

3. No request for information concerning the well in question was made by the Plaintiff which was not complied with by the Defendant.

4. The Defendant, H. F. Sears, complied with the provisions of the Dry-Hole agreement (Plaintiff's Exhibit No. 1) and earned under the contract the $5,000.00 dry-hole contribution.

5. The contract in question (Plaintiff's Exhibit No. 1) contemplated a test of the Granite wash formation and such formation was adequately tested by the Defendant.

6. The contract in question contained a provision for a forfeiture and any

ambiguity therein should be construed against such forfeiture.

7. The expression 'we shall be furnished' contained in Paragraph 2 of Page 2 of Plaintiff's Exhibit No. 1 related back to the expression 'our agents or representatives—shall be entitled to receive'— in the same paragraph and a proper construction of such provisions of the contract simply required the furnishing of the information referred to on request."

The provisions of the letter contract concerning the $5,000.00 would be contributed by the appellant and the information appellant was entitled to receive was as follows:

"The Arkansas Louisiana Gas Company also agrees to contribute subject to the terms and conditions as set forth herein, when, if and after you have drilled, plugged and abandoned as a dry hole, your projected 8,000 feet Granite Wash Test, the sum of Five Thousand Dollars ($5,000.00) cash. It is understood and agreed that this money will not be paid if the well is completed otherwise than as a dry and abandoned well.

"Our agents or representatives shall have access to the derrick floor at all times and shall be entitled to receive all information during such drilling operations, the same as though we were drilling the well, and specifically, but not limited to, we shall be furnished:"

The letter contract also provided in the event appellant failed to furnish to appellant "as above provided" information as to drilling, logging, coring, and testing operations in a timely and accurate manner the agreement would be void and of no effect. We are of the opinion the court was correct in holding the obligation of the appellee was to furnish the information requested by appellant.

■ It will be noticed there was nothing mentioned in the letter contract concerning the testing of the Hamm Zone. On the contrary, the well was to be drilled to a depth sufficient to adequately test the Granite Wash formation. The undisputed record shows this was done. The appellee complied with the letter contract as to completing the well as a dry and abandoned well and at least substantially complied with all other requirements of the contract. We think this was sufficient. Weissberger v. Brown-Bellows-Smith, Inc., Tex.Civ.App., 289 S.W.2d 813 (N.R.E.) ; Ditmar v. Beckham, Tex.Civ.App., 86 S.W.2d 801 (writ dismissed) and the many cases there cited.

■ In this case, if the conditions relied upon by appellant could be held sufficient to create a condition, it would necessarily be a condition subsequent since the appellee would have had to have the letter contract before he could perform under the terms thereof to furnish the information. The appellant agreed to contribute $5,000.00 after appellee drilled, plugged, and abandoned the well as a dry hole. This was a condition precedent. Appellee was required to drill, plug and abandon as a dry hole before he was entitled to receive the $5,-000.00. Cozby v. Edwards, Tex.Civ.App., 203 S.W.2d 569 (N.R.E.). This was done. Consequently, we think appellant owed the $5,000.00. If appellee damaged appellant in breaching the contract by failing to give appellant the information required, we think his remedy would be an action thereon for damages. We have carefully considered all of appellant's points of error and overrule all of them.

Judgment of the trial court is affirmed.