McLEAD v. SOUTHERN PAC. CO. et al.

No. 4203.   Decided December 2, 1924.   (231 Pac. 440.)

1. MASTER AND SERVANT—LETTER BY EMPLOYÉ TO INDUSTRIAL COMMISSION HELD SUFFICIENT APPLICATION FOR COMPENSATION. Letter by injured employé to Industrial Commission asking review of case and determination whether he was entitled to compensation, giving place, date and details of accident and

resulting injuries, and all information required by statute, was sufficient application for compensation.[1]

2. MASTER AND SERVANT—BRINGING ACTION IN ANOTHER STATE HELD NOT EVIDENCE OF ABANDONMENT OF CLAIM FOR COMPENSATION. Where injured employé had applied to Industrial Commission for compensation which stated that it could make no rating unless controversy existed between him and employer, and advised employer to pay certain compensation without award, fact that employé then went to another state and sued for damages under federal Employers' Liability Act (U. S. Comp. St. §§ 8657-8665), did not amount to abandonment of claim for compensation under Compensation Act.

3. MASTER AND SERVANT—REFUSAL OF EMPLOYÉ TO FILE APPLICATION FOR HEARING BEFORE INDUSTRIAL COMMISSION, HELD NOT ABANDONMENT OF CLAIM FOR COMPENSATION. Fact that injured employé would not when requested by Industrial Commission file application for hearing before Commission, did not amount to abandonment of claim for compensation.

4. MASTER AND SERVANT—DECISION OF INDUSTRIAL COMMISSION EMPLOYÉ HAD ABANDONED CLAIM, FOUNDED ON NO SUBSTANTIAL EVIDENCE, REVIEWABLE ON APPEAL. Decision of Industrial Commission that employé had abandoned claim for compensation founded on no substantial evidence, may be reviewed on appeal.

Proceeding under the Workmen's Compensation Act by Charles McLead, claimant, opposed by the Southern Pacific Company, employer. Claimant applies to review order of Industrial Commission rescinding award of compensation and dismissing application for compensation.

CASE RETURNED TO COMMISSION with instructions.

*T. J. Maginnis*, of Ogden, for plaintiff.

*Harvey H. Cluff*, Atty. Gen., and *J. Robert Robinson*, Asst. Atty. Gen., for Industrial Commission.

*Bagley, Judd & Ray*, of Salt Lake City, for defendant, Southern Pacific Co.

---

[1] *Rezaldo* v. *Commission*, 61 Utah, 412, 213 P. 1086.

See (1) Workmen's Compensation Acts, p. 114 (1926 Anno.) (2, 3) Workmen's Compensation Acts, p. 55 (1926 Anno.) (4) Workmen's Compensation Acts, p. 122.

WEBER, C. J. ⸺

This is an application by plaintiff to review an order of the Industrial Commission of September 3, 1924, rescinding an award of compensation made July 9, 1924, and dismissing the application for compensation.

On May 18, 1922, Charles McLead, plaintiff, was injured in an accident at Lake Side, Utah, while employed by the Southern Pacific Company as a powderman at the company's rock quarry, the accident arising out of, and in the course of, his employment. On December 22, 1922, McLead wrote the Commission:

"I was injured in an accident in Lake Side, Utah, May 18, 1922. Would you kindly review my case and see if I am entitled to compensation? My name is Chas. McLead, my address being Lake Side, Utah. Accident happened by falling rock while I was at work. I was employed by the S. P. R. R. Co. for handling powder and was hurt on duty. Wish to advise that my labor was in no way connected with or pertaining to interstate. Whatever you may be able to do in this respect will be greatly appreciated, as I have been totally disabled since May 18th and do not know how much longer. I am writing this letter on my back in bed. My injuries consist of left leg broken above the knee and below the knee; also broken pelvis and broken jaw and was ruptured also, for which I was operated on last Tuesday. I have been in the company hospital."

On December 26, 1922, the Industrial Commission notified the attorneys for the Southern Pacific Company at Salt Lake City, Utah, of the receipt of the above letter from McLead, at the same time quoting McLead's entire letter to said attorneys and asking for a report on the accident.

On January 26, 1923, the Southern Pacific Company acknowledged receipt of the letter from the Commission, and the next day the Commission advised McLead of the receipt of the letter and that his case was being investigated. On January 29, 1923, McLead wrote the Industrial Commission from San Francisco, asking whether it would be proper for him to make a settlement with the company itself, and on January 31 he again wrote requesting the Com-

mission not to take any further steps toward compensation until advised by him, and that the Commission would hear from him later.

February 5, 1923, the Commission wrote McLead:

"We are in receipt of yours of January 31st, asking that no further steps be taken by us until advised by you, inasmuch as you are making settlement direct with the Southern Pacific Company. This is entirely satisfactory to the Commission and we await your further advice."

In November, 1923, McLead wrote the Commission regarding his attempts to make a settlement with the company. On the 28th of the same month the attorneys for the Southern Pacific Company wrote the Commission that the company would pay compensation if the Commission gave McLead a rating.

On November 29, 1923, plaintiff wrote the Commission that he would like to hear about his application as soon as possible.

On December 27, 1923, the Commission advised the attorneys for the Southern Pacific Company that the Commission could make no rating or award unless some controversy existed between McLead and the company, and that the company should pay the $16 per week without an award being made. The following February McLead went to Texas, where he instituted a suit seeking damages under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665). Upon returning to Utah, McLead demanded a hearing upon his application for compensation which had been filed before the Industrial Commission. The hearing was had July 7, 1924, and, after hearing and considering the testimony, compensation was awarded to the applicant by the Commission.

Within due time the Southern Pacific Company applied for a hearing upon the ground that McLead had abandoned his claim, and it was further urged that:

"For the purpose of proving that McLead did in fact abandon his claim for compensation the attorneys for defendant expected to show by certain witnesses named in the petition for rehearing that McLead had stated to those witnesses that he had been in-

formed, under the compensation laws of Utah (Comp. Laws, 1917, §§ 3061-3165) he would be paid compensation at the rate of $16 per week, and that he would not even consider that small amount but would take his chances on a lawsuit in Texas."

Thereupon the Commission not only granted a rehearing and rescinded the order awarding compensation, but it dismissed McLead's claim for compensation, citing as authority for its action *Rezaldo* v. *Commission,* 61 Utah, 412, 213 P. 1086.

Two questions are involved. Was McLead's first letter an application for compensation? When he says: "Would you kindly review my case and see if I am entitled to compensation," and gives the place, date and all of the details of the accident and of the resulting injuries, he gives all the information required by the statute, and clearly indicates that he wants compensation. We think that was enough.

Did McLead abandon his claim? We find no proof whatever in the record showing that McLead intended to abandon his claim for compensation. Under the circumstances of this case and the admissions of the parties, the institution of a suit in Texas was no evidence of abandonment. The attorneys for the defense say that the question whether an injured railroad employé, in doubt as to whether his accident occurred while he was engaged in inter or intrastate commerce, can bring a suit for damages under the federal Employers' Liability Act, and institute and have pending at the same time a claim for compensation under the Workmen's Compensation Act of this state is not involved. In view of this statement we express no opinion upon the question.

It is contended, however, that because McLead would not, when requested by the Commission, file an application for a hearing before the Commission, he abandoned his claim. If the Commission desired the case heard and disposed of, it was not dependent upon the formal application for a hearing by McLead. It could have set the case for hearing, notified the parties, and proceeded. And so with the

Southern Pacific Company. It could have made a     3
motion to have the case set for hearing. McLead not
desiring a hearing at that time or not being ready for it,
or his desiring a continuance, cannot be interpreted as evidence of abandonment.

The Commission seems to base its decision upon the Rezaldo Case, supra. The Rezaldo Case is in no way analagous
to the instant case. Rezaldo wrote a letter to the Commission that was not intended as an application for compensation, nor did the Commission so consider it. As stated by
Mr. Justice Frick, at page 418 of 61 Utah (213 P. 1086):

"The letter must therefore be considered merely as an effort on
the part of the plaintiff to obtain some advice in view of the
condition in which he then was."

In the present case the plaintiff's letter was considered
as an application for compensation. Questions of the statute of limitations and abandonment are also discussed in
the Rezaldo Case. The facts are so different from those
here that it is useless to further comment on the case. It is
sufficient to say that it is utterly inapplicable to the case at
bar.

Counsel argue that abandonment being a question of fact,
the decision of the Commission cannot be interfered with
on appeal. That is true when there is some competent substantial evidence to support the Commission's     4
findings, but when, as here, there is no substantial evidence, the oft-repeated rule invoked by defendant does not
apply.

We conclude that McLead's application was sufficient,
and that he did not at any time abandon his claim for compensation. The case is, therefore, returned to the Commission, with instructions to reinstate plaintiff's application and
to hear further evidence if the parties desire to present it,
and to consider and determine the case upon its merits.
Plaintiff to recover costs on review.

GIDEON, FRICK, and CHERRY, JJ., and McCRAE,
District Judge, concur.

THURMAN, J., did not participate herein.