**LOUISIANA–TEXAS WATERWAYS CO. et al. v. UNITED STATES EMPLOYEES' COMPENSATION COMMISSION et al.**

**No. 156.**

District Court, W. D. Kentucky, at Paducah.
Nov. 23, 1935.

Adrian H. Terrell, of Paducah, Ky., for plaintiffs.

Arthur Y. Martin, of Paducah, Ky., for defendant Isiah Mabone.

Bunk Gardner, U. S. Dist. Atty., and Oldham Clarke, Asst. U. S. Dist. Atty., both of Louisville, Ky., for United States Employees' Compensation Commission.

HAMILTON, District Judge.

This case is before me on defendants' motions to dismiss plaintiffs' bill for review of a compensation order and award of compensation rendered on December 14, 1934, by K. G. McManigal, Deputy Commissioner of the Ninth Compensation District, to Isiah Mabone for an injury which occurred on June 19, 1933, while in the employ of the Louisiana-Texas Waterways Company, and allowed by said Deputy Commissioner under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, title 33 U.S.C.A. c. 18, § 901 et seq. (March 4, 1927, c. 509, 1 et seq. 44 Stat. 1424).

There is no controversy between the parties as to the fact that Mabone was employed by said company and injured while in its employ, and that a serious infection developed.

The Louisiana-Texas Waterways Company and the Employers' Liability Assurance Corporation, Limited, the insurance carrier, allege the claim of Mabone, plaintiff, before the Commissioner, defendant here, was not filed on time and that the statute of limitations bars said claim. The defendant was injured on June 19, 1933, and the plaintiff company had him taken to the hospital, where the record shows he remained for a period of forty-three weeks. At the time of his injury, he was receiving $8 per week, and if his claim is properly filed he is entitled to recover and the plaintiffs' petition should be dismissed.

The plaintiff company failed to send to the Commissioner a report of said injury within ten days thereafter as required under the act, setting forth all the details thereof, with a copy to the Deputy Commissioner. In fact, no report of the accident of any kind was made by the company as required under section 30 of the act (33 U.S. C.A. § 930).

Under section 13 of the act (33 U.S.C. A. § 913), the right to compensation for disability is barred unless a claim therefor is filed within one year after the injury with the Deputy Commissioner in the Compensation District in which the injury occurred, with certain exceptions not material to this case.

On June 12, 1934, Mr. A. Y. Martin, attorney for the claimant, wrote the following letter to Mr. K. C. McManigal, Deputy Commissioner in the District involved:

"In June 1933, the Louisiana-Texas Water Way Company was operating this steamer Donora, possibly as charterer, engaged in towing tobacco from Paducah, Kentucky to New Orleans, Louisiana. This tobacco was delivered in hogsheads placed in the barge Canulette 63 at Paducah, Kentucky. I am informed that the barge was the property of Carnegie Steel Corporation, but I do not know to whom the steamer belonged.

"On June 19 one Isiah Mabone, while engaged in placing the hogshead inside of said barge, after they had been lowered by a large derrick, was caught between the overturned hogshead and the side of the barge, resulting in crushing the bones in arm and shoulder and practically total permanent disability. He was carried to the Riverside Hospital by an officer of said steamer, then in the employ of said Louisiana-Texas Waterway and was there under the treatment of the physicians for nearly a year, at the end of about six months as I am informed, I was advised to the effect that this company had become a bankrupt and that it could not take care of the hospital account. I have not been able to ascer-

tain whether any of the physicians were paid. This man informs me that he was required to sign an agreement for work under compensation, but he was in no condition to assert any rights or take any steps to protect himself.

"The matter has just come to my attention, and as I desire to file at once his claim for compensation, I am assuming that this city comes within the territory under your jurisdiction.

"Therefore, will you kindly forward blanks at once for proof of claim, with information as to the proper district and if your records show that this particular company was working under the provisions of the Federal Compensation Act.

"Your prompt attention will be appreciated."

The Deputy Commissioner failed to forward the blanks requested immediately, but claimant's attorney filled out Form US–215, United States Employees' Compensation Commission, following the Kentucky form, in which he set out all the circumstances of the accident and forwarded it to the United States Employees' Compensation Commission, Washington, D. C., with a copy to Mr. K. C. McManigal, Deputy Commissioner at Cleveland, Ohio, who up to that time had not sent him proper forms for the report, although sufficient time had elapsed therefor. Said copy of letter was not delivered to Mr. McManigal on account of a lack of postage, but the original letter and form were received in Washington June 19, 1934.

On June 27, 1934, claimant's attorney filled out and forwarded to the Deputy Commissioner Form US–203, as provided for under the act, which were received by said Commissioner on June 28, 1934.

The Deputy Commissioner is required under section 19(b) of the act (33 U.S.C.A. § 919(b), within ten days after claim has been filed with him, to notify the employer of said claim and report said accident. The Deputy Commissioner did not so notify the employer.

On a hearing at Paducah, Ky., on October 26, 1934, before the Deputy Commissioner for the Ninth Compensation District, said Deputy Commissioner held that the claim was sufficient and timely filed and awarded to the claimant the sum of $347.43, and left in abeyance the question of supplemental compensation for permanent partial disability.

Plaintiffs filed this action in this court seeking to set aside said award, and asking for an interlocutory injunction restraining the defendants from enforcing said order and award on the ground that said claim was barred by the statute of limitations. Defendants, have all filed motions to dismiss plaintiffs' bill.

The defendants have, in effect, made three contentions to support their motion: (1) That the letter written by Mr. A. Y. Martin, attorney, to the Deputy Commissioner on June 12, 1934, constituted the beginning of proceedings for collection of compensation and satisfied the requirements of section 13 of the act (33 U.S.C.A. § 913); (2) that the filing of his claim with the Commission at Washington, D. C., instead of with the Deputy Commissioner of the Ninth Compensation District, was a sufficient compliance with this act; and (3) that since the plaintiff did not comply with section 30 of the act (33 U.S.C.A. § 930), which requires an employer to report an injury to an employee within ten days after the date of the accident, it is estopped from complaining of claimant's delay in filing application for compensation.

The following authorities support claimant's contention that the letter of June 12, 1934, was a sufficient claim to comply with the provisions of the statute:

McLead v. Southern Pacific Co. (1924) 64 Utah, 409, 231 P. 440.

On December 22, McLead wrote the Commission as follows: "I was injured in an accident in Lake Side, Utah, May 18, 1922. Would you kindly review my case and see if I am entitled to compensation? My name is Chas. McLead, my address being Lake Side, Utah. Accident happened by falling rock while I was at work. I was employed by the S. P. R. R. Co. for handling powder and was hurt on duty. Wish to advise that my labor was in no way connected with or pertaining to interstate. Whatever you may be able to do in this respect will be greatly appreciated, as I have been totally disabled since May 18th and do not know how much longer. I am writing this letter on my back in bed. My injuries consist of left leg broken above the knee and below the knee; also broken pelvis and broken jaw and was ruptured also, for which I was operated on last Tuesday. I have been in the company hospital."

The question presented in this case was whether or not the above letter was an ap-

plication for compensation. In answering it, the court said: "When he says: 'Would you kindly review my case and see if I am entitled to compensation,' and gives the place, date and all of the details of the accident and of the resulting injuries, he gives all the information required by the statute, and clearly indicates that he wants compensation. We think that was enough."

Mauch v. Bennett & Brown Lumber Co. (1926) 235 Mich. 496, 209 N.W. 586, 587.

Held that letter written by employee to employer asking about compensation and informing employer that he had frozen his foot in course of employment and that his toe had been amputated was a sufficient and unequivocal demand for compensation within Workmen's Compensation Act. The letter in question was as follows:

"Just dropping you a few lines to ask you about my compensation because I was laid up since the 31st of January. I froze my foot while in your employ and was taken to St. Mary's Hospital January 8, 1924, and had my toe amputated on the 14th of January, and as soon as I receive compensation I am ready to leave the hospital. See what you can do about it.

"Yours,

"John Mauch, Marquette."

Eckl v. Sinclair Refining Co. (1931) 133 Kan. 285, 299 P. 588, 589.

Defendant contended that claim was not made within ninety days after last payment or within ninety days after the accident. The injury occurred August 18, 1928. On November 12, 1928, claimant wrote the following letter to the respondent:

"Dear Sir:

"In reply to your letter of 10/30/28, I returned to my duties after my injury October 22, 28. It was necessary for me to hire help from the 18th of Aug. to the 23rd of Sept. Mr. Norrell from 18th of Aug. to 23d of Aug. $4.00 per day, $24.00. Mr. Mervin from 24th of Aug. to 23rd Sept. $4.00 per day, $120.00. A total of $144.00 for help during this time.

"Yours very truly,

"J. M. Eckl, Ness City, Ks."

This letter was written within ninety days of the accident, and another letter was written by Mrs. Eckl within ninety days after the only payment was made to claimant by respondent, in which she made no specific claim, but merely asked that the credit department send her Mr. Eckl's commission check without the usual deductions.

The court said: "This court has held that there was no formality necessary about the claim made by an injured workman for compensation under the Workmen's Compensation Act. Weaver v. Shanklin Walnut Co., 131 Kan. 771, 293 P. 950. The reasonable interpretation to put on these letters is that what the claimant had in mind was the collection of compensation. During the year subsequent to the occurring of this accident four or five representatives of respondent talked to claimant about his injury, so that they must have had knowledge that he was claiming and did claim compensation. It cannot now be heard to complain because the claim filed is not a formal one. The purpose of the requirement about the written claim is to enable the employer to know about an injury in time to investigate it. Besides the two writings above set out, the record discloses that three or four other reports in writing with reference to this injury were made by agents and employees of respondent during the year and half subsequent to the occurring of the injury. The company had ample opportunity to learn all about this case. We conclude that there is no merit in the contention that no written claim was filed by claimant."

Weaver v. Shanklin Walnut Co. (1930) 131 Kan. 771, 293 P. 950, 951.

On May 14, 1928, while in the employ of the defendant company, Raymond Weaver suffered a broken leg as a result of a tree rolling on him. On July 3 he wrote the company as follows:

"I am writing you to ask if you sent me out some papers to fill out. Boyd Pierson said you sent me out some kind of papers to fill out which I have never received. He said they might have been sent to Albany. I thought they might of been of importance to you or me but didn't know so thought I would ask you about them and be sure. How are the boys at Albany getting along, are they getting out any Maple. Will close, hoping to hear from you."

To that letter the Shanklin Walnut Company replied on July 5, 1928, as follows:

"Acknowledging receipt of your favor of the 3rd, there seems to be some misunderstanding about any papers having been sent to you to fill out, as nothing of this sort will be necessary until the doctor pronounces you fit to work again.

"We are very sorry to learn of your accident also that the first doctor failed to

do a satisfactory job, but hope that you will soon be on your feet again."

On August 1, 1928, the defendant paid $102 for medical attention and $22 for hospital service.

The defendant contends that it is not liable because no written claim for compensation was made within ninety days after the accident occurred, as required by the statute. In answering this, the court said: "If there was a written claim for compensation, it was contained in the letter dated July 3, 1928, from Weaver to the Shanklin Walnut Company. The reasonable interpretation to be placed on the letter from Weaver is that he was then asking for compensation under the Workmen's Compensation Law. A reasonable interpretation to be placed on the answer of the company to that letter is that the company understood that Weaver was claiming compensation. Under that claim, the company paid for medical attention and hospital service. Under those circumstances, it must be held that written claim for compensation, although informal, was made within ninety days after Weaver was injured."

Kaplan v. Kaplan Knitting Mills (1928) 248 N.Y. 10, 161 N.E. 204, 205.

Before discussing this particular case, the court made the following general statements concerning the Workmen's Compensation Law: "The Workmen's Compensation Law was particularly framed to avoid legal terminology and the technicalities of law pleading. It was intended that the working people themselves could make and file these claims and give the notice of injury. The cost and expense of employing attorneys were to be avoided, if possible. The act was for the benefit of the working man and his family, not for the profession. The notice, therefore, of injury and the claim for compensation are sufficient when the facts of the injury are stated with reasonable certainty, and it is also reasonably to be inferred that a claim for compensation is being made. In Matter of Petrie, 215 N.Y. 335, 109 N.E. 549, this court said: 'The statute was the expression of what was regarded by the Legislature as a wise public policy concerning injured employees. Under such circumstances we think that it is to be interpreted with fair liberality, to the end of securing the benefits which it was intended to accomplish.'"

In this case the widow wrote a letter to the Commissioner within the statutory period, setting out the employee's name and address, the name of the employer, date and place of accident, nature and cause of injury, date of death, and the fact that notice was being given pursuant to section 18 of the Workmen's Compensation Act (Consol.Laws, N.Y. c. 67), but did not prejudice the rights of the dependents of the injured employee. However, she did not expressly state that she was making a claim.

The court said: "Can it also be reasonably inferred from its statements that the claimant was telling the commissioner that she was making some claim for compensation under the Workmen's Compensation Law? * * * She was claiming compensation, either as a full award or as a deficiency award. The election, as we have seen from the wording of the statute, does not have to be made within the year, but may be made after a claim filed any time before an award. * * * This notice could have been drawn in much better form, and the widow's claim presented, in much clearer language. She might have adopted the form of the commissioner which says very tersely, 'I claim compensation.' There is no fatality, however, in failing to use these forms. Any notice which conveys to the commissioner that the widow is claiming the compensation and benefits of the Workmen's Compensation Law is sufficient. I think this notice clearly indicates such an intention. In fact, the law presumes that a sufficient notice of claim has been given. Such is the liberality with which this law is to be construed."

I have concluded that the letter of claimant's attorney was sufficient to toll the statute of limitations, and, therefore, the other questions are immaterial and not decided.

The petition will be dismissed.