HORTON v. INDUSTRIAL COMMISSION et al.

No. 5693.  Decided February 3, 1936.  (54 P. [2d] 249.)

*Walter C. Hurd* and *Geo. A. Goates,* both of Salt Lake City, for plaintiff.

*Joseph Chez,* Atty. Gen., and *F. A. Trottier,* of Salt Lake City, for defendants.

ELIAS HANSEN, Chief Justice.

Plaintiff, by this proceeding, seeks a review and reversal of an order of the Industrial Commission of Utah wherein

he was denied compensation on account of an injury sustained by him in the course of his employment by the Salt Lake County Relief Committee. Compensation was denied solely upon the ground that the applicant failed to file his application within one year after the date of the accident. The evidence shows and the commission found the following facts:

"On January 23, 1934 and February 2, 1934, the applicant, Ernest H. Horton, was in the employ of the department of Salt Lake County which was conducting the relief activities for said County at that time, Salt Lake County being a municipal corporation of the State of Utah, and said employer's Workmen's Compensation Insurance was being carried in the State Insurance Fund. * * *

"On February 16, 1934, applicant filed a workman's claim for compensation for accidental injury suffered on February 2, 1934, at his place of employment at 136 Pacific Avenue, Salt Lake City, Utah. The State Insurance Fund paid applicant $10.83 per week from February 2, 1934, to and including April 9, 1934.

"On January 31, 1935, the applicant filed an application for adjustment of claim with the Industrial Commission of Utah, stating that he was injured on or about December 23, 1933, while employed by the Salt Lake County Relief Committee; that he fell over a box while carrying a heavy box of meat; that he continued work and on February 2, 1934, fainted or lost consciousness while relaying sacks of flour. At the time of the hearing applicant requested leave to amend said application to read, 'on January 23, 1934, and February 2, 1934' as being the times of the happening of the accidental injuries, and said amendment was allowed.

"The applicant did suffer an accidental injury on January 23, 1934, by stumbling over a box while he was carrying a heavy box of meat. As the result of said accidental injury, and as a result of certain focal infections, applicant was still suffering certain disability in his right arm, hand and wrist at the time of the hearing."

The commission further found upon conflicting evidence that the "applicant was not suffering from any disability which was the result of an accidental injury happening on February 2, 1934." The commission was apparently of the opinion that the application filed on February ■ 16, 1934, covered only the injury sustained by the ap-

plicant on February 2, 1934, and was not broad enough to cover the injury sustained on January 23, 1934. The commission was in error in so concluding. The application filed on February 16, 1934, was on a printed form furnished by the commission. We quote the following from that application:

"Location of plant where injury sustained. Street No. 136 Pacific Ave. City or town. S. L. C. Date on which injury was sustained Feb. 2, 1934. Date compelled to leave work account of injury Feb. 2nd. Was Injury sustained at employer's premises or plant Yes. In the course of duty as workman Yes. Describe in full how injury was sustained Was carrying box of meat containing 110 lbs or more when I stumbled over an unexpected box and fell. Was relaying flour when I was injured. What part of body injured? Back and right arm."

The evidence is all to the effect that the applicant sustained two accidental injuries while engaged in performing work for the same employer. The first accident occurred on January 23, 1934, by the applicant falling over a box while he was carrying a box of meat. After the first accident he continued working until February 2, 1934, when he claims he wrenched his back in handling some sacks of flour. On the latter date he became unconscious and was unable to continue working.

It is the established law in this jurisdiction that an application for compensation is sufficient to vest the commission with jurisdiction to grant an award even though it may not measure up to the requirements of a complaint in an action at law. *Utah Copper Co.* v. *Industrial Commission,* 57 Utah 118, 193 P. 24, 13 A. L. R. 1367; *Utah Fuel Co.* v. *Industrial Commission,* 59 Utah 46, 201 P. 1034; *Rezaldo* v. *Industrial Commission,* 61 Utah 412, 213 P. 1083; *Brklacic* v. *Industrial Commission,* 63 Utah 582, 227 P. 1036; *McLead* v. *Southern Pac. Co.,* 64 Utah 409, 231 P. 440. It will be noted that the first application filed February 16, 1934, clearly indicated that the applicant relied upon the injury which he received from falling over a box on

January 23, 1934, while he was carrying meat as well as the injury sustained by him when on February 2, 1934, he wrenched his back and became unconscious while relaying flour. Had the applicant not relied upon the former injury, there would have been no occasion to mention it in his application. It cannot be seriously doubted that the first application filed was sufficient in form to vest the commission with jurisdiction, not only to make an award for the injury sustained on February 2d, but also for the injury sustained on January 23d. As a general rule, the particular date when a cause of action arises is immaterial; that is to say, in both actions at law and suits in equity the pleader is not required to prove that the matter complained of occurred on the particular date pleaded. The mere fact that the application indicated that plaintiff fell over a box while carrying the meat on February 2d, instead of January 23d, cannot be said to defeat his right to be heard on his claim that he was injured on January 23d by falling over a box. Nor is there any legal objection to an applicant relying on two separate accidental injuries as the basis of his claim for compensation, especially where, as here, there is some doubt as to which of the two injuries caused the disability for which compensation is sought. The application filed on February 16, 1934, having alleged that the injury complained of, or a part thereof, was sustained while applicant "was carrying a box of meat containing 110 lbs. or more when I stumbled over an unexpected box and fell," entitled him to a determination of whether or not he is entitled to compensation because of that injury. He has such right independent of the application filed on January 31, 1935. It therefore follows that applicant's claim for compensation, because of that injury, was not barred by the statute of limitations.

The order denying compensation is annulled.

FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.

WOLFE, Justice (concurring).

I agree that the description of the accident contained in the application filed February 16, 1934, sufficiently identified the accident on which compensation could be founded, although it set out February 2d, the wrong date of its happening, instead of January 23, 1934, the right date of its happening. Since the commission, therefore, obtained jurisdiction within a year after the happening, to wit, 24 days after it happened, it retained jurisdiction to finally adjust and dispose of the case whether or not more than a year elapsed. While neither party argued the point on which the court's decision is based, the matter decided was squarely before the court. When an issue is properly before this court, it may be decided on a point of law never advanced, argued, or mentioned by the parties if such law is controlling.