### W. C. SWAIN v. W. S. BONNER AND C. L. CARROW.

(Filed 18 February, 1925.)

**1. Judgments—Verdict—Parties—Appeal and Error.**

Where the verdict of the jury, in a suit properly constituted, and on evidence regularly presented, entitles the plaintiff to recover against two defendants in a certain amount, it is reversible error for the trial court to render judgment against only one of them in plaintiff's favor.

**2. Same—Courts—Jurisdiction—Justice of the Peace.**

Where an action has been brought against two defendants before a justice of the peace having jurisdiction of the subject-matter, one of them living within and the other without the county, it appearing of record they had both been served with summons, and both had appealed to the Superior Court: *Held*, they should both be bound by an adverse judgment.

CIVIL ACTION, heard on appeal from a justice's court at August Term, 1924, of TYRRELL, before *Allen, J.,* and a jury.

From a perusal of the record and case on appeal, it appears that plaintiff, making claim against the two defendants, instituted suit against them, returnable before W. L. Godwin, justice of the peace of said county; that summons was duly served on defendants, and on return day, defendants not appearing, evidence of plaintiff was duly presented and judgment rendered in his favor against both of defendants for $175.00. Defendants appealed, and on trial in Superior Court cause was submitted and verdict rendered, as follows:

"1. Are defendants indebted to plaintiff, and, if so, in what sum? Answer: '$212.50, less $125.'"

Judgment on verdict for plaintiff against defendant, W. S. Bonner. Plaintiff excepted and appealed, assigning for error that the judgment should have been entered against both of the defendants.

*Thompson & Wilson for plaintiff.*
*No counsel for defendant.*

HOKE, C: J., after stating the case: In *Lawrence v. Beck,* 185 N. C., pp. 196-200, it is said: "In this jurisdiction, and others basing their system of jurisprudence on the common-law principles, a judgment is but the conclusion that the law makes upon facts admitted or properly established in the course of a properly constituted suit; and when, in such proceedings, the ultimate facts have been so ascertained and declared, the correct judgment must follow and be entered thereon as of right." Citing *Beard v. Hall,* 79 N. C., p. 506; *Barnard v. Etheridge,* 15 N. C., p. 295; 23 Cyc., p. 665.

Considering the record in view of this accepted principle, it appears that plaintiff, in a suit duly constituted, and on evidence regularly presented, established his right of recovery against both defendants, and this result is fully affirmed by the jury verdict in the trial in the Superior Court, and there is nothing appearing in the cause to prevent the plaintiff from having his judgment on the verdict against both defendants.

True, it appears that one of the defendants seems to have been resident in another county, but the summons was served on him in said county, and, so far as the facts of record now disclose, the suit is properly constituted. 1 C. S., 1488. Apart from this, the record states that both defendants appealed from the justice's judgment and thereby submitted their cause to the court's jurisdiction.

For the error indicated, the cause is remanded, that judgment be entered for plaintiff against both defendants, as prayed.

Error.