W. C. HANKS, ADMINISTRATOR OF CURTIS HANKS, DECEASED, v. SOUTHERN PUBLIC UTILITIES COMPANY, SELF-INSURER.

. (Filed 15 June, 1936.)

1. **Master and Servant F c—Where employer's report is filed as claim within prescribed time, Industrial Commission has jurisdiction.**

   It is not required that an injured employee, or the dependents of a deceased employee, file claim with the Industrial Commission, it being incumbent on the employer to file written report of the accident with the Industrial Commission upon notice given by the injured employee, or his representative, secs. 8081 (dd) (vvv), and where the employer has filed such report with the Commission within the prescribed time upon verbal information elicited from the representative of the employee by its claim agent, the representative being unable to read or write, and, the employer admitting liability, the report has been filed with the Industrial Commission as a claim within one year from date of the accident and contains all facts necessary to make an award, the claim is filed within the prescribed time, sec. 8081 (bb), and the Industrial Commission acquires jurisdiction.

2. **Master and Servant F i—**

A finding of fact by the Industrial Commission which is not supported by the evidence is not binding upon appeal.

3. **Master and Servant F c—Institution of suit at common law held not to estop claimant from proceeding under Compensation Act.**

In this case the Industrial Commission acquired jurisdiction under the employer's report of the accident filed as a claim. Claimant thereafter instituted a suit at common law and failed to answer letters of the Commission advising that a hearing was necessary to determine who were the dependents of the deceased employee, the employer admitting liability under the Compensation Act. Prior to final award disposing of the matter by the Industrial Commission, claimant filed formal petition for an award, having taken a voluntary nonsuit in the action at common law. *Held:* The prosecution of the suit at common law and the failure to file application for a hearing when requested did not amount to an abandonment of the claim for compensation, and no final award having been made by the Industrial Commission at the time of the filing of formal petition for an award, the matter was pending at that time before the Commission, and it was error for the Commission, under the facts and circumstances of this case, to deny compensation on the ground that claimant was barred by failure to file claim within one year after the death of the deceased employee. Sec. 8081 (bb).

4. **Master and Servant F a—Industrial Commission is primarily an administrative agency of the State.**

The Industrial Commission is primarily an administrative agency of the State, and it is only when claim has been filed and the parties fail to reach an agreement that the Commission is invested with certain judicial functions as a special or limited tribunal for the purpose of determining the respective rights and liabilities under the Compensation Act.

STACY, C. J., dissenting.

CONNOR, J., concurs in dissent.

APPEAL by defendant from *Hill, J.,* at November Term, 1935, of FORSYTH. Affirmed.

Petition by plaintiff for an award under the Workmen's Compensation Act on account of the death of his intestate arising out of and in the course of his employment by the defendant.

It was admitted that the deceased, Curtis Hanks, was at the time of his injury and death, on 6 December, 1929, in the employ of defendant, and that the provisions of the Workmen's Compensation Act apply. The claim for an award is resisted, however, on the ground that plaintiff elected to pursue his remedy by original action in the Superior Court of Wilkes County (where plaintiff resided), under the Federal Employers' Liability Act, and did not prosecute claim under the Workmen's Compensation Act until the action in the Superior Court had been ended adversely to him and after the lapse of more than five years from the date of the injury.

The Industrial Commission heard the case and rendered decision denying compensation, 16 August, 1935.

The findings of fact of the Industrial Commission were, in brief, substantially as follows:

Curtis E. Hanks, the deceased, was employed by the defendant, and on 6 December, 1929, he died by reason of injuries received by accident arising out of and in the course of his employment, and both plaintiff and defendant are subject to the provisions of the North Carolina Workmen's Compensation Act, defendant being self-insurer. The deceased was unmarried and left surviving him his father, mother, and one brother, none of whom were dependent upon him, and his father, the plaintiff, has duly qualified as administrator of his estate. Plaintiff can neither read nor write.

Under date of 9 December, 1929, defendant employer made report of the accident to the Industrial Commission on Form 19, and this report was received 11 December, 1929. Defendant also made supplemental report on Form 29, received by the Commission on 26 December, 1929.

"From the evidence at the hearing, it was found as a fact that shortly following the death of the deceased the defendant admitted liability for compensation under the Workmen's Compensation Act, and offered to pay the same to the personal representative of deceased."

On 7 January, 1930, the Industrial Commission wrote the plaintiff relative to claim for compensation by reason of the death of Curtis E. Hanks, and advised him that a question had been raised as to dependents, and that it would have to be determined by a hearing, and asked for the names of all persons claiming dependency.

No reply was received to this letter.

On 8 January, 1930, defendant Utilities Company received a letter from W. M. Allen, attorney at law, Elkin, N. C., advising that the matter had been placed in his hands, and that he would proceed under the Federal Employers' Liability Act and not under the State Compensation Act. Copy of this letter was sent to the Industrial Commission, and thereupon the Commission wrote Attorney Allen asking upon what ground he proposed to proceed without taking notice of the Workmen's Compensation Act, and stating, "We are inclined to believe, in view of your plans as expressed to us by the employer, the Industrial Commission should of its own motion set this case for a hearing. This will be done unless we receive from you a satisfactory reply to this letter not later than 20 January, 1930." No reply was received from said attorney.

Under date of 13 February, 1930, the Industrial Commission again wrote Attorney Allen, stating it was understood the defendant had offered to pay the dependents of "Clifton E. Hanks," deceased (evidently

meaning Curtis Hanks), compensation under the Workmen's Compensation Act, but that the dependents had refused to enter into an agreement, and inquiring why compensation was refused.

No reply was received to this letter, and on 18 March, 1930, the Commission again wrote Attorney Allen, saying, "If your clients have abandoned this claim for compensation, so advise me in order that we may retire this file."

No reply was received to this letter.

On 10 August, 1933, the Commission wrote defendant's counsel as follows: "It occurs to us that you might now let us have from the Southern Public Utilities Company a closing report on Form 28-B, as we infer that the Southern Public Utilities Company will not voluntarily offer to pay compensation, having taken the position that claim for compensation was not filed with the Industrial Commission within one year from the date of the accident.

"We note that in your letter of 6 March you suggested that we express an opinion as to whether or not, under the circumstances, the claimant had waived compensation. We should have replied to your letter; nevertheless, we do not feel that we should express an opinion in advance of a hearing which the dependents or personal representative of the deceased may request. We enclose copy of Form 28-B, referred to above."

Thereafter, on 14 August, 1933, the defendant made report showing names of employer and employee, date of death, payment of $50.50 medical expenses, and $198.00 funeral benefits. Under question 11 on this report: "Does this report close the case? (Yes or No)," the defendant wrote as follows: "The father of the employee instituted suit in the Superior Court of Wilkes County under the style W. C. Hanks, Administrator, v. Southern Public Utilities Company, for $50,000 damages, caused by the alleged wrongful death of the employee. Southern Public Utilities Company made regular report of this accident to the Industrial Commission, but no claim was ever filed with the Commission on behalf of the employee, and the employee's administrator and attorneys have repudiated the Workmen's Compensation Act and elected to stand upon their common law rights. Suit is still pending in Wilkes County."

It also appeared in evidence that plaintiff administrator instituted suit against the defendant in the Superior Court of Wilkes County on 7 July, 1930, that defendant filed demurrer to the complaint on ground that claim for compensation for death of Curtis Hanks was solely cognizable before the North Carolina Industrial Commission. The demurrer was overruled, as the facts did not sufficiently appear on the face of the complaint, and on appeal to this Court the ruling of the

Superior Court was affirmed (204 N. C., 155). Thereafter, answer was filed and the case remained in the Superior Court of Wilkes County until 8 January, 1935, when voluntary nonsuit was entered. Formal petition for an award and request for a hearing thereon was filed by the plaintiff before the Industrial Commission on 23 March, 1935.

From the decision of the Industrial Commission denying compensation, the plaintiff appealed to the Superior Court of Forsyth County, and from judgment of the Superior Court overruling the Industrial Commission and remanding the case to the Industrial Commission for an award under the act, defendant appealed to this Court.

*McNeill & McNeill, George P. Pell, and Whitman & Motsinger for plaintiff.*

*B. S. Womble and W. P. Sandridge for defendant.*

DEVIN, J. The only question presented by this appeal is whether plaintiff's right to compensation on account of the death of his intestate, Curtis E. Hanks, was barred by reason of failure to give notice of the accident to the defendant employer, as required by sec. 22 of the North Carolina Workmen's Compensation Act, and by failure to file claim with the North Carolina Industrial Commission within one year after the death of plaintiff's intestate, as required by sec. 24 of said act.

The North Carolina Workmen's Compensation Act requires that the injured employee, or his representative, shall give or cause to be given written notice of the accident to the employer, and the employer is required to make report in writing of the accident to the North Carolina Industrial Commission within ten days after the occurrence and knowledge thereof, and later to make a supplemental report. C. S., 8081 (dd), and 8081 (vvv).

The act further provides that right to compensation shall be barred unless a claim be filed with the Industrial Commission within one year after the accident. C. S., 8081 (bb).

In *Hardison v. Hampton,* 203 N. C., 187, where more than one year elapsed from the date of injury to the request for hearing by the injured employee, it was held that "there is no provision in the North Carolina Workmen's Compensation Act requiring an injured employee to file claim for compensation for his injury with the North Carolina Industrial Commission," and that "where the employer has filed with the Commission a report of the accident and claim of the injured employee, the Commission has jurisdiction of the matter, and the claim is filed with the Commission within the meaning of section 24."

In the instant case it appeared that the injury and death of Curtis E. Hanks on 6 December, 1929, while in the employ of defendant, was

known to the employer, that funeral and medical expenses were promptly authorized and paid by it, and that within three days it reported the accident to the Industrial Commission on the prescribed Form 19.  This report was duly received and filed as a claim under the Workmen's Compensation Act and gives a file or docket No. 17959 which it has continuously retained.

The representative of the deceased employee was unable to read or write, and could not himself make a written report, but he gave all the required information to the employer's claim agent, and this information was incorporated in the report made by the employer to the Industrial Commission.  The employer had full knowledge of the occurrence. The employer's report on the prescribed Form 19 sets out in detail all the facts necessary to make an award.

A question arose, as the result of information given defendant by the plaintiff, as to whether there were dependents as defined by the act, and under date of 21 December, 1929, defendant notified the Industrial Commission (in accordance with sec. 57 of the act): "We have been unable to make an agreement as to settlement in the above case," that the father first claimed the son was not contributing to support of father or mother, but now claimed he was, but refused to give the amount. "Therefore, I have no way of arriving at the amount that should be paid."

Thereupon the Commission wrote the plaintiff, under date of 7 January, 1930, as follows:

"DEAR SIR:  *Re:* I. C. File 17959.

"We understand from Southern Public Utilities Company that you and your wife are claiming compensation by reason of the death of your son, C. E. Hanks.  We understand, also, that you have claimed partial dependency, and that in view of the fact that there appears to be no one who under the act is conclusively presumed to have been dependent upon your son, this raises a question of fact which can only be determined by means of a hearing.  In order that we may know how to proceed, please give us the names and addresses of all persons claiming dependency."

It appears, therefore, that claim for compensation was filed by the employer, and was so understood by the defendant, and so treated by the Industrial Commission.  This was done within less than one year after the fatal accident.  The defendant employer at all times admitted its liability under the act, and was ready to pay, and only contends now that plaintiff's right to the compensation allowed by law under the ad-

mitted facts has been abandoned or lost by his electing to pursue the common law remedy, or by the lapse of time.

"An acknowledgment or recognition of liability for compensation by the employer constitutes waiver of the requirement for making or filing timely claim, such recognition of liability by the employer eliminating the question of whether a claim for compensation has been made.", 71 C. J., 1039, sec. 812.

The finding of fact by the Industrial Commission that plaintiff "expressly refused to file a claim with the North Carolina Industrial Commission within one year after the death of deceased," is not supported by the evidence. The evidence shows that plaintiff failed to answer the letter of the Commission with respect to the character of his claim as to dependents, and that plaintiff's attorney failed to answer letter of the Commission inquiring why he proposed to institute suit at common law.

Defendant's contention that plaintiff, having elected to institute an action at common law, is estopped now to prosecute his claim under the act, cannot be sustained under the facts and circumstances of this case. *Stevedoring Co. v. Pillsbury,* 170 Cal., 321; *McLead v. Sou. Pac. Co.,* 64 Utah, 409. Here the defendant admitted liability under the act and offered to pay, resisted the common law action, and finally brought about its defeat by the plea that the Industrial Commission had exclusive original jurisdiction to hear and determine the plaintiff's claim. The restriction upon proceeding in another forum is that a recovery in the one form of action bars recovery in the other. As was said in *Phifer v. Berry,* 202 N. C., 388: "He may recover by one of the alternate remedies, but not by both."

In *Rowe v. Rowe-Coward Co.,* 208 N. C., 484, the plaintiff there filed claim for compensation under the act for an injury sustained 29 March, 1933. In August, 1933, he notified the Industrial Commission: "For the present I do not desire to press this claim, and therefore withdraw it until further notice to you if I shall conclude later on to renew my claim before your Commission. I have a suit pending in Durham Superior Court, which I shall press, and I do not desire, unless you are otherwise notified, to press my claim before the Commission." Having lost his suit in the Superior Court, the plaintiff in that case, in July, 1934, wrote the Commission he desired to proceed with the prosecution of his claim. Thereafter, a hearing was set and an award in his favor finally determined.

While the plaintiff, under the advice of his counsel then employed, instituted an action in the Superior Court of Wilkes County seeking to recover damages for the wrongful death of his intestate under the Federal Employers' Liability Act, taking the view that the Workmen's Compensation Act violated the constitutional right to trial by jury, that

action would not debar him now from prosecuting his claim under the Workmen's Compensation Act, provided his claim, constituted in substantial compliance with the act, was still pending before the Industrial Commission. The prosecution of an action for damages by the employee does not necessarily constitute an abandonment of his claim for compensation duly filed. 71 C. J., 1002. Nor would his failure to file application for hearing when requested by the Commission amount to abandonment of his claim for compensation. *McLead v. Sou. Pac. Co., supra.*

Was plaintiff's claim pending before the Industrial Commission in 1935, when the petition herein was filed?

It appears that the Industrial Commission treated plaintiff's claim as pending. As above set out, on 7 January, the Commission wrote plaintiff about his claim and suggested that a hearing was necessary. On 20 January, 1930, the Commission notified plaintiff that it was inclined of its own motion to set the case for hearing, though nothing further was done about it. And in 1933 the question of closing the case was taken up with defendant's counsel, though the Commission expressly refrained from "expressing an opinion in advance of a hearing which the dependents or personal representative of the deceased might request." It was at all times open to the defendant to move for a hearing, or to the Commission of its own motion, upon notice, to order a hearing. But this was not done.

The act from which the Industrial Commission derives its authority provides that if employer and representative of deceased employee fail to reach agreement in fourteen days, either party may make application to the Industrial Commission for a hearing in regard to the matters at issue, and that thereupon the Commission shall set the date for a hearing, and shall notify the parties of time and place. The act requires that the Commission, or one of its number, shall hear and determine the matter. "The award, together with a statement of the findings of fact, rulings of law, and other pertinent matter, shall be filed with the record of the proceedings and a copy of the award shall immediately be sent to the parties in dispute."

The Industrial Commission is primarily an administrative agency of the State, charged with the duty of administering the provisions of the North Carolina Workmen's Compensation Act. *In re Hayes,* 200 N. C., 133.

But when a claim for compensation has been filed and the employer and employee have failed to reach an agreement, the statute authorizes the Commission to hear and determine all matters in dispute. Thereupon, the Commission is constituted a special or limited tribunal, and is invested with certain judicial functions, and possesses the powers and

incidents of a court, within the provisions of the act, and necessary to determine the rights and liabilities of employees and employers. 71 C. J., 917-920; *Butts v. Montague Bros.,* 208 N. C., 186; *Heavner v. Lincolnton,* 202 N. C., 400.

The procedure upon the consideration and determination of a matter within the jurisdiction of the Industrial Commission, agreeable to the provisions of the act and the rules and regulations promulgated by the Commission, conforms as near as may be to the procedure in courts generally. By analogy, cases should be disposed of by some award, order, or judgment final in its effect, terminating the litigation. *Employers' Ins. Ass'n. v. Shilling,* 259 S. W., 236; *Todd v. Casualty Co.,* 18 S. W. (2d), 695. A final judgment is the conclusion of the law upon the established facts, pronounced by the court. *Lawrence v. Beck,* 185 N. C., 196; *Swain v. Bonner,* 189 N. C., 185.

The record before us fails to show any final order or adjudication of any kind prior to the one appealed from.

A claim for compensation lawfully constituted and pending before the Commission may not be dismissed without a hearing and without some proper form of final adjudication.

No statute of limitations runs against a litigant while his case is pending in court.

We conclude that the judgment of the court below overruling the opinion of the Industrial Commission and remanding the case to the Commission for proper award in accordance with the facts found and the judgment of the Superior Court must be

Affirmed.

STACY, C. J., dissenting: The plaintiff was injured while in the employ of the defendant. For five years he declined to be bound by the terms of the Workmen's Compensation Act, and refused to accept any benefits thereunder. In the meantime, he brought a common law action against his employer for damages. Thus, his election of remedies was knowingly and deliberately made.

He now returns to assert his claim under the provisions of the Workmen's Compensation Act. The Industrial Commission held that he was too late—that he could not "have his cake and eat it, too."

As against plaintiff's *volte face,* the defendant invokes the bar of the statute. The Court says, "No." The case is *sui generis* in that it penalizes the defendant for complying with the law and rewards the plaintiff for his scorn. The ruling of the Industrial Commission should be upheld.

CONNOR, J., concurs in dissent.