FRED D. HODGE v. GENO ROBERTSON, ALLEN WILLIS, BUSTER HIN-TON, J. H. BRYANT, CHARLIE ROBERTSON, JOE ROBERTSON T/A RAINBOW CAB COMPANY

No. 68IC86

(Filed 14 August 1968)

1. **Master and Servant § 85— Industrial Commission — nature of jurisdiction**

     The Industrial Commission, while primarily an administrative agency of the State, is constituted a special or limited tribunal to hear and determine matters in dispute between employer and employee in a claim for compensation under the Workmen's Compensation Act; its procedure conforms as near as may be to the procedure in courts generally.

2. **Master and Servant § 93— proceedings before the Commission — application for taking of witness' deposition**

     There is no abuse of discretion by the Industrial Commission in denying a claimant's application for the taking of a deposition pursuant to G.S. 97-80 of an out-of-state witness' testimony, the application having been made, not prior to the trial, but after two hearings had already been held, at both of which evidence was taken.

APPEAL by defendants from order and award of the North Carolina Industrial Commission filed 9 November 1967.

Claimant was an employee of Rainbow Cab Company. On 7 December 1965, he filed his claim for compensation for injuries received in an automobile collision while, on duty. A hearing was conducted on 28 February 1967, and evidence was offered by claimant and defendants. The case was continued to allow the parties to obtain the presence of witnesses who did not respond to subpœna, and a second hearing was had on 12 April 1967. At that hearing, after evidence had been taken and defendant had again cross-examined plaintiff, defendants informed the Commission that the subpœna for the passenger in the cab at the time of the accident had been returned "not to be found" and that defendants still wished to examine that witness. On 3 May 1967, defendants filed a written application to take the deposition of Mary Virginia Davis, alleging that her whereabouts had just been determined and that she was residing in New York. Defendants further alleged that the testimony of the witness was important to the defense and asked that the case remain open for that purpose and also that defendants might again cross-examine claimant with respect to a statement allegedly made by him which had just come to defendants' knowledge. Plaintiff filed written reply objecting to the taking of the deposition and further cross-examination.

On 29 May 1967, the Industrial Commission entered an order denying the request to take further testimony in the State of New York. The order concluded "The Commission will file an opinion and award based on the evidence in the record within the next few days, and then either side has a right to appeal if they are not satisfied with the award." No exception was taken to the entry of the order. On 2 August 1967, order was entered finding that plaintiff sustained an injury by accident arising out of and in the course of his employment. Defendants appealed to the Full Commission excepting to the findings of fact and contending that the hearing commissioner committed error in failing to grant defendants' application to take the deposition of the passenger. At the hearing before the Full Commission, defendants again moved that the matter be remanded to the hearing docket and they be allowed to take the deposition of the witness living in New York, allegedly a passenger. On 9 November 1967, the Full Commission entered an order denying the motion to take a deposition and making an award of compensation to plaintiff.

*Samuel S. Mitchell for defendant appellants.*

*I. Weisner Farmer for plaintiff appellee.*

MORRIS, J.

The record in this case contains no grouping of exceptions and assignments of error. Appellants list five "Points on Appeal". While this is clearly not in compliance with Rule 19(c) nor G.S. 1-282, we have, nevertheless, considered the one question brought forward by appellants in their brief. They contend that it was error for the Commission not to allow the taking of the deposition requested and that their failure to appeal from the order denying their application does not prevent their raising the question on appeal.

[1] We find no merit in appellants' contention. The Industrial Commission, while primarily an administrative agency of the State, is constituted a special or limited tribunal to hear and determine matters in dispute between employer and employee in a claim for compensation under the Workmen's Compensation Act.

> "The procedure upon the consideration and determination of a matter within the jurisdiction of the Industrial Commission, agreeable to the provisions of the act and the rules and regulations promulgated by the Commission, conforms as near as may be to the procedure in courts generally." *Hanks v. Utilities Co.*, 210 N.C. 312, 186 S.E. 252.

[2] G.S. 97-80 provides that any party to a proceeding under the Act may take the deposition of a witness within or without the State, upon application to the Commission, which deposition shall set forth the materiality of the evidence to be given. They are to be taken "after giving the notice and in the manner prescribed by law for depositions in actions at law" except they are to be directed to the commissioner or deputy commissioner instead of the clerk.

Here, the application for the taking of a deposition was not prior to trial. Two hearings had already been held, at both of which evidence was taken. There was no dispute as to whether there was a passenger in the cab at the time of the accident nor was there any question but that she left the scene. Whether to grant another continuance to allow defendants to take her deposition and to cross-examine the plaintiff for the third time we think was a decision resting in the sound discretion of the commissioner, and we so hold. We find no abuse of discretion.

No error.

CAMPBELL and BRITT, JJ., concur.