HENRY ANDREWS, Employee, Plaintiff v. FULCHER TIRE SALES AND SERVICE, Employer; and UNITED STATES FIDELITY AND GUARANTY COMPANY, Carrier, Defendants

No. COA94-1416

(Filed 7 November 1995)

**1. Workers' Compensation § 230 (NCI4th)— inability to work —evidence supporting finding**

The Industrial Commission's finding that plaintiff was unable to "work at the same level as before the injury" was supported by a doctor's testimony that plaintiff was "unable to function."

**Am Jur 2d, Workers' Compensation § 395.**

**2. Workers' Compensation § 416 (NCI4th)— Commission's refusal to consider new evidence**

On appeal of a deputy commissioner's award of benefits, the Industrial Commission did not err by refusing to consider defendants' new evidence consisting of the testimony of a private investigator that he observed plaintiff "walking without a limp and in no apparent distress and driving automobiles" where this was the same type of evidence introduced by defendants at the first hearing.

**Am Jur 2d, Workers' Compensation §§ 686, 687.**

**3. Workers' Compensation § 103 (NCI4th)— order of attorney fees entered after notice of appeal—no jurisdiction of Industrial Commission**

Defendants' notice of appeal to the Court of Appeals divested the Industrial Commission of jurisdiction to enter its order granting plaintiff's request for attorney fees.

**Am Jur 2d, Workers' Compensation §§ 56, 699, 724.**

Appeal by defendants from Opinion and Award for the Full Commission entered 3 August 1994. Heard in the Court of Appeals 2 October 1995.

ANDREWS v. FULCHER TIRE SALES AND SERVICE

[120 N.C. App. 602 (1995)]

*Kennedy W. Ward, P.A., by Kennedy W. Ward, for plaintiff-appellee.*

*Ward and Smith, P.A., by S. McKinley Gray, III and William Joseph Austin, Jr., for defendant-appellants.*

GREENE, Judge.

Pursuant to N.C. Gen. Stat. § 97-86, Fulcher Tire Sales and Service and United States Fidelity and Guaranty Company (defendants) appeal from the Opinion and Award of the Industrial Commission (Commission), filed 3 August 1994, awarding Henry Andrews (plaintiff) $406 per week during the period of his disability, medical expenses and attorney fees.

Plaintiff was employed as a mechanic, by Fulcher Tire Sales and Service (Fulcher). Plaintiff alleges that he was injured at work on 13 September 1991 and, it is not disputed in this appeal that he reported this injury to Fulcher, pursuant to N.C. Gen. Stat. § 97-22. Because there was a dispute regarding compensation, United States Fidelity and Guaranty Company (Fidelity), Fulcher's insurance carrier, requested a hearing, pursuant to N.C. Gen. Stat. § 97-83. In its appeal from the deputy commissioner's award, defendants requested alternatively that the Commission consider new evidence. In support of their motion, defendants submitted an affidavit from Chris Baggett, a private investigator, which stated that on several occasions from 28 April 1993, through 3 June 1993, he observed plaintiff "walking without a limp and in no apparent distress" and driving automobiles and in one instance someone "who appeared to be" plaintiff underneath a car.

The Commission denied defendants' request to consider new evidence and filed its Opinion and Award. It concluded that "plaintiff [had] sustained an injury by accident arising out of and in the course of his employment" and that plaintiff is "entitled to compensation for temporary total disability" of $406 per week and payment of all his medical expenses arising out of the injury by accident. The Commission also approved "attorney's fee in the amount of twenty-five percent of the compensation awarded." This fee was to be deducted by the defendants "from the lump sum awarded to plaintiff." After the defendants filed notice of appeal, the Commission approved an additional award of attorney fees and costs pursuant to N.C. Gen. Stat. § 97-88 in a 9 November 1994 Order.

In support of its Opinion and Award, the Commission found as a fact that plaintiff sustained an injury by accident on 13 September 1991 and further found the following with regard to plaintiff's disability:

6. As a result of this injury by accident, plaintiff was unable to perform his work duties for defendant-employer from September 14, 1991 through at least the date of the hearing on August 26, 1992.

7. At the time of this injury, plaintiff operated a garage at his home. . . .

8. . . . Following his injury, plaintiff performed some work at his garage within limitations, but the nature and amount of the work cannot be determined. His testimony to the contrary was not accepted as credible by the deputy commissioner, and the Full Commission declines to overrule that assessment. In any event, plaintiff would not have been able to perform work at the same level as before the injury due to the impairment from the injury. Accordingly, it is presumed his earnings from his garage were reduced after his injury.

The evidence in this record, relevant to the above findings of fact, reveals a stipulation that the plaintiff "has a herniated disc at C4-5 and a bulging disc at 5-6." He was treated by Dr. Wilfong and Dr. Ballenger. Ballenger's notes, which are from the fall of 1991, indicate that plaintiff can sit down and stand up, but that plaintiff is in pain when he does so and that plaintiff was on complete bed rest for some time during the fall of 1991. Ballenger also prescribed many different pain medications for plaintiff during the fall of 1991. Wilfong's office notes indicate that plaintiff has a fairly significant disc bulging at 4-5 and is "beside himself in pain." In a 31 December 1991 letter to Ballenger, Wilfong states that plaintiff "is . . . not able to function" and that Wilfong has scheduled plaintiff for back surgery. Prior to the injury the plaintiff, in addition to his work with his employer worked part time in a garage behind his house. The plaintiff testified that since the injury he was unable to work. There was also testimony by private investigator Todd Goodson that, in August 1992, plaintiff was observed moving "in a fluid [and] natural motion," leaning under the hoods of vehicles on two separate occasions, and "squatting" on another occasion.

The issues are whether (I) the Commission's finding that "plaintiff sustained an injury by accident on 13 September 1991" is supported by the evidence; (II) the Commission's finding of fact that plaintiff has been unable to perform work "at the same level as before the injury" is supported by the evidence; (III) the Commission should have considered defendants' evidence regarding plaintiff's disability; and (IV) the Commission had jurisdiction to enter its 9 November award of attorney fees.

I

Defendant argues that the witnesses who testified that plaintiff sustained his injury while working at Fulcher on 13 September were "disgruntled ex-employees of" Fulcher who made a "suspicious cast of characters" and that their "testimony should be construed against [p]laintiff's credibility" rendering the finding without support. This argument questions entirely the credibility of the witnesses, however, and we are bound by the Commission's determination of their credibility and the weight to be afforded their testimony. *Russell v. Lowes Prod. Distrib.*, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993).

II

This Court is also bound by the findings entered by the Commission if they are supported by sufficient competent evidence. *Walston v. Burlington Indus.*, 304 N.C. 670, 678, 285 S.E.2d 822, 827, *reh'g granted*, 305 N.C. 296, —— S.E.2d —— (1982) (making factual correction only); *Russell*, 108 N.C. App. at 765-66, 425 S.E.2d at 457. The evidence is sufficient if it is such that a reasonable mind might accept as adequate to support the finding. 3 Arthur Larson & Lex K. Larson, *The Law of Workmen's Compensation* § 80.10(c) (1995); *Garrett v. Overman*, 103 N.C. App. 259, 262, 404 S.E.2d 882, 884, *disc. rev. denied*, 329 N.C. 787, 408 S.E.2d 519 (1991) (defining "sufficient"); *Aycock v. Cooper*, 202 N.C. 500, 504, 163 S.E. 569, 570 (1932).

[1] The defendants argue that there is not sufficient competent evidence in this record to support the findings of the Commission that the plaintiff was unable to work "at the same level as before the injury." We disagree.

The only evidence relevant to this finding is the plaintiff's own testimony that he was unable to work after the injury and the language from the notes of Wilfong that the plaintiff was "not able to function" after the injury. The testimony of the plaintiff with regard to his post-injury work ability was rejected by the Commission as not

credible and thus cannot support the finding. The testimony of Wilfong that the plaintiff was "unable to function," however, is such that a reasonable mind might accept as adequate to support a finding that the plaintiff was unable "to perform work at the same level as before the injury."

## III

**[2]** We disagree with defendants' argument that the Commission erred in its final Opinion and Award because it did not consider defendants' new evidence, pursuant to N.C. Gen. Stat. § 97-85. Whether the Commission considers new evidence is a matter within its sound discretion. *Hall v. Chevrolet Co.*, 263 N.C. 569, 577, 139 S.E.2d 857, 862-63 (1965). In determining whether to accept new evidence, the Commission must consider the relative prejudices to the parties, the reasons for not producing the evidence at the first hearing, "the nature of the testimony, and its probable effect upon the conclusion reached." *Id.* In this case, the new evidence, testimony by a private investigator, was the same type of evidence that defendants introduced at the first hearing. The testimony did not provide any new revelations regarding plaintiff's disability and thus would "probably not affect the outcome." Defendants' suffered no prejudice by the Commission's denial of their motion to consider the new evidence and thus, the Commission did not abuse its discretion.

## IV

**[3]** Defendants finally argue that its notice of appeal to this Court divested the Commission of jurisdiction to enter its 9 November 1994 Order which awarded plaintiff's request for attorney fees. We agree. Generally, an appeal suspends the lower tribunal's jurisdiction, pending the appeal. N.C.G.S. § 1-294 (1983); *Lowder v. All Star Mills, Inc.*, 301 N.C. 561, 580, 273 S.E.2d 247, 258 (1981); *see Hanks v. Southern Public Utils. Co.*, 210 N.C. 312, 319-20, 186 S.E. 252, 257 (1936) (Commission constitutes special tribunal in compensation case and must perform judicial functions). This general rule applies to an award of "fees and costs" which is entered subsequent to the appeal. *Lowder*, 301 N.C. at 581, 273 S.E.2d at 259. Once the appeal is complete, however, the Commission is again vested with the authority to determine an amount and to award attorney fees for work performed in furtherance of an appeal from a deputy commissioner to the Commission or an appeal from the Commission to this Court. N.C.G.S. § 97-88 (1991); *Taylor v. J.P. Stevens Co.*, 307 N.C. 392, 399, 298 S.E.2d 681, 685 (1983). Because the defendants' notice of appeal

was entered prior to the 9 November order, the Commission was without jurisdiction to enter that award and it is vacated. The issue of attorney fees is remanded to the Commission.

Affirmed in part, vacated in part and remanded.

Chief Judge ARNOLD and Judge SMITH concur.