Upon review of the competent evidence of record with respect to the errors assigned, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, modifies and affirms the Opinion and Award of the Deputy Commissioner.
 *********** EVIDENTIARY RULINGS
The Full Commission, in its discretion, DENIES plaintiff's Motion for Remand to Take New Evidence. Plaintiff's motion is based on grounds that had she known the testimony of her treating psychiatrist would be discounted or given little weight, she would have offered additional evidence in support of her position. Plaintiff has not demonstrated good cause for not offering the evidence before the closing of the record before the Deputy Commissioner. The proposed additional evidence would not affect the conclusions reached by the Full Commission. See Andrews v.Fulcher Tire Sales and Service, 120 N.C. App. 602, 463 S.E.2d 425
(1995).
 ***********
The Full Commission finds as fact and concludes as a matter of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer at all relevant times.
3. Plaintiff's average weekly wage was $580.00 on 14 December 1995.
4. Plaintiff has been unable to work since 14 December 1995.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner, with modifications, and finds as follows:
 FINDINGS OF FACT
1. Plaintiff was 56 years old at the time of the hearing before the Deputy Commissioner. She had been employed in the banking industry for over twenty years. In 1985, plaintiff was hired by Republic Bank (hereinafter "Republic") beginning as a part-time teller, and eventually became a branch manager of the South Tryon Branch in Charlotte, North Carolina, in 1990.
2. In 1991, plaintiff had marital difficulties and was hospitalized for severe depression. She came under the care of Dr. J. Myers Powell, a psychiatrist in Charlotte, North Carolina. He diagnosed plaintiff's condition as a bipolar disorder. Bipolar disorder is characterized by drastic mood swings from depression to mania.
3. Plaintiff was released from the hospital in 1991 and returned to work with Republic as a branch manager performing her regularly assigned job duties.
4. In December 1992, Republic was purchased by Central Carolina Bank (hereinafter "CCB"), and the Republic system was consolidated into the CCB full service banking system. The less sophisticated branches that were formerly part of the Republic system were converted into full service CCB branches.
5. For a period of approximately four to six weeks, the employees of defendant-employer were required to perform additional work to complete the consolidation.
6. As plaintiff's branch became a full service bank, it fell behind the other branches in the consolidated CCB system. Plaintiff's supervisor provided plaintiff with assistance by assigning administrative employees to help her run her branch more efficiently.
7. Plaintiff's yearly evaluations in 1993 and 1994 reveal that she was not performing up to the expected standards of a branch manager in the CCB system. In April 1995, plaintiff was demoted to the position of Assistant Branch Manager, but she suffered no cut in pay or benefits. Over the course of the next six months, plaintiff was unable to satisfactorily perform the duties of an Assistant Branch Manager.
8. Plaintiff had personal conflicts with coworkers and superiors. In October 1995, she was moved to the position of a roving Customer Service Representative. In November 1995, plaintiff was placed on probation for again failing to satisfactorily perform her assigned duties.
9. Plaintiff was terminated in December 1995 due to her continuing inability to perform her assigned job duties.
10. From 1991 through December 1995, plaintiff was under the care of Dr. Powell for her bipolar disorder. Dr. Powell conceded that his medical records during this period do not reflect any exacerbation or aggravation of plaintiff's bipolar disorder and do not contain any reference to work-related difficulties.
11. On 20 December 1995, Dr. Powell diagnosed plaintiff with post-traumatic stress disorder (hereinafter "PTSD") and was of the opinion that she was temporarily totally disabled. PTSD may develop after a severe and life-threatening trauma, including combat, rape or childhood sexual abuse. PTSD sufferers have vivid recollections of their trauma, often triggered by factors associated with the original traumatic event. While the record shows that Dr. Powell first diagnosed plaintiff's PTSD on 20 December 1995, Dr. Powell testified that the diagnosis was actually made earlier, and he indicated his willingness to alter his records to establish a diagnosis at an earlier point in time.
12. In his deposition testimony, Dr. Powell also stated that plaintiff's PTSD was caused by repetitive traumatic incidents at plaintiff's workplace. These traumatic incidents allegedly consisted of repeated demeaning and humiliating treatment by plaintiff's superiors. However, plaintiff has failed to prove by the greater weight of the evidence that she was subject to such repetitive demeaning and humiliating treatment. The greater weight of the evidence tends to show that the stress plaintiff suffered while working for defendant-employer arose from plaintiff's inability to perform her assigned duties, not from harassment or stress inherent in the duties themselves.
13. On 7 April 1997, plaintiff presented to Dr. Vincent A. Lombardi, a psychiatrist, for an independent medical evaluation. Following examination, Dr. Lombardi felt that Dr. Powell's PTSD diagnosis was inappropriate. Dr. Lombardi could not identify any trauma in plaintiff's work environment that would give rise to PTSD. While Dr. Lombardi believed that plaintiff suffered from significant psychiatric pathology, he stated that it would be a "great stretch" to attribute this to her work.
14. The Full Commission is not persuaded by Dr. Powell's opinion testimony and gives greater weight to the testimony of Dr. Lombardi.
15. Plaintiff has failed to prove by the greater weight of the evidence that her bipolar disorder and alleged PTSD were caused or aggravated by her employment with defendant-employer. Plaintiff has failed to prove by the greater weight of the evidence that her duties with defendant-employer placed her at an increased risk of developing bipolar disorder or PTSD in comparison to members of the general public.
16. Plaintiff did not suffer a mental injury by accident arising out of and in the course of her employment with defendant-employer. The greater weight of the evidence tends to show that the stress plaintiff suffered while working for defendant-employer arose from plaintiff's inability to perform her assigned duties, not from harassment or stress inherent in the duties themselves.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did not contract an occupational disease which was due to causes and conditions characteristic of and peculiar to her employment with defendant-employer and which excluded ordinary diseases of life to which the general public is equally exposed. N.C. Gen. Stat. § 97-53(13); Rutledge v. TultexCorporation, 308 N.C. 85, 301 S.E.2d 359 (1983).
2. Plaintiff did not suffer a mental injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
3. Plaintiff is not entitled to benefits under the Workers' Compensation Act for her psychological condition. N.C. Gen. Stat. § 97-2 et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim under the law must be, and hereby is, DENIED.
2. Each side shall pay its own costs.
 S/ ________________________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ______________________ LAURA K. MAVRETIC COMMISSIONER