***********
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
The parties made no stipulations in regard to the above-referenced matter.
 ***********
Based upon all of the evidence produced at the hearing, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was 42 years old at the time of the hearing before the Deputy Commissioner. He was employed by defendant-employer from May 2000 through 2 January 2002. Plaintiff alleged that on 28 December 2001, he suffered an injury by accident arising out of and in the course of his employment with defendant-employer.
2. At the hearing before the Deputy Commissioner, plaintiff was not represented by counsel. As a result of plaintiff proceeding pro se, no pre-trial agreements were prepared and no stipulations were entered into by the parties. Plaintiff himself provided the only testimony in support of his claim, and no exhibits were introduced on his behalf. No medical records referenced by plaintiff's testimony were entered by either party, and none were requested by the Deputy Commissioner. Plaintiff did not provide contentions or a proposed Opinion and Award for review by the Deputy Commissioner prior to the entry of the Opinion and Award in this case.
3. Plaintiff's claim was denied by the Deputy Commissioner because "due to the lack of credible and convincing evidence, the plaintiff has failed to prove by the greater weight of evidence that he sustained an injury by accident or an injury as a direct result of a specific traumatic incident. . . ."
4. Subsequent to the hearing before the Deputy Commissioner, plaintiff retained counsel. By motion filed on 13 January 2003, plaintiff's counsel sought to introduce additional evidence in the form of medical records of plaintiff's treating physician. By Order of the Full Commission filed on 17 January 2003, plaintiff's motion was held in abeyance until the hearing before the Full Commission.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission finds the following:
 CONCLUSIONS OF LAW
1. The Industrial Commission is charged with the duty of administering the provisions of the Workers' Compensation Act. N.C. Gen. Stat. §97-77; Hanks V. Southern Pub. Util. Co., 210 N.C. 312, 186 S.E. 252
(1936). In so doing, the Commission has the duty and responsibility to decide all matters of controversy between the parties. Joyner v. RockyMount Mills, 92 N.C. App. 478, 374 S.E.2d 610 (1988). When the record of the proceedings before a deputy commissioner is insufficient to resolve the issues presented to the Commission by the parties, the Full Commission must conduct its own hearing or remand the matter to a deputy commissioner for further hearing. Id.
2. In the case before us, the record is insufficient to resolve the issues in this claim. It is therefore the responsibility and duty of the Full Commission to remand this case to a deputy commissioner for the introduction of sufficient evidence upon which to adequately address the merits of plaintiff's claim.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. This claim is hereby remanded for hearing before a deputy commissioner at the earliest possible date.
2. No costs are assessed at this time.
This the ___ day of April, 2003.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER