PAUL E. SPRINKLE AND CARLA JONES (NOW SPRINKLE), PLAINTIFFS v. NORTH CAROLINA WILDLIFE RESOURCES COMMISSION, DEFENDANT

No. COA03-1409

(Filed 17 August 2004)

**Appeal and Error— jurisdiction below after notice of appeal— amended order**

The Industrial Commission did not have jurisdiction to rule on attorney fees for plaintiff in an amended order filed after the State gave notice of appeal from the original Tort Claims order. An appeal to the Court of Appeals divests the Industrial Commission of jurisdiction to issue opinions and awards; even though an appeal is not perfected until docketed in the Court of Appeals, perfection relates back to the notice of appeal.

Appeal by plaintiffs from decision and order on 12 June 2003 by the North Carolina Industrial Commission. Heard in the Court of Appeals 17 March 2004.

*Parker, Poe, Adams & Bernstein L.L.P., by R. Bruce Thompson II, for plaintiff appellants.*

*Attorney General Roy Cooper, by Special Deputy Attorney General William H. Borden, for the State appellee.*

SPRINKLE v. N.C. WILDLIFE RES. COMM'N

[165 N.C. App. 902 (2004)]

McCULLOUGH, Judge.

The issues addressed herein are before this Court in the following posture: The claim at issue in this case was brought by Paul Sprinkle and his wife Carla Jones ("plaintiffs" when referred to collectively) under the North Carolina Tort Claims Act, N.C. Gen. Stat. §§ 143-291, *et seq.* (2003). The case was heard before Deputy Commissioner Lorrie L. Dollar of the Industrial Commission on 6 September 2001. Commissioner Dollar filed a decision and order on 10 May 2002 finding the State liable and awarding plaintiffs $31,007.08 in damages. On 7 January 2003, the Full Commission filed a decision and award affirming the decision of the Deputy Commissioner and additionally awarding attorney's fees. The State filed a notice of appeal on 10 February 2003. The issues on appeal in that case are disposed in *Sprinkle v. N.C. Wildlife Resources Comm.*, 165 N.C. App. 721, 600 S.E.2d 473 (2004) (No. COA03-797), filed the same day as this case. The Full Commission filed an amended decision and order on 12 June 2003 denying plaintiffs' motion for attorney's fees. On 7 July 2003, plaintiffs filed a notice of appeal to the amended decision of the Industrial Commission denying plaintiffs' attorney's fees.

An appeal to this Court divests the Industrial Commission of jurisdiction to issue opinions and awards. N.C. Gen. Stat. § 1-294 (2003); *Andrews v. Fulcher Tire Sales and Service*, 120 N.C. App. 602, 606-07, 463 S.E.2d 425, 428 (1995). Though an appeal is not perfected until docketed in this Court, perfection relates back to the time that notice of appeal is given. *Woodard v. Local Governmental Employees' Retirement Sys.*, 110 N.C. App. 83, 87, 428 S.E.2d 849, 851 (1993).

In the instant case, the Commission filed a decision and award on 7 January 2003. The State gave notice of appeal of that decision and award, which was received by the Commission on 10 February 2003. At that point, the Commission was divested of jurisdiction in the matter. Nevertheless, on 12 June 2003, the Commission filed an amended award even though the appeal of the first order was still pending. Therefore, the amended decision was issued without jurisdiction, and is hereby vacated.

The Commission's amended decision and award filed 12 June 2003 is hereby vacated.

Judges WYNN and ELMORE concur.